Receipt No. 00437

ORIGINAL

FILED
APR 2 4 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

BERNHARD F. AND CYNTHIA G. MANKO,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant

DOCKET NO. 07-252 T

**COMPLAINT**

**COUNT I**

1. Plaintiffs BERNHARD F. and CYNTHIA G. MANKO are husband and wife residing at 2850 N. E. 44th Street, Lighthouse Point, Florida 33064. Their social security account numbers are 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 and 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, respectively.

2. Defendant is the United States of America.

3. This is an action for the recovery of federal income tax and interest erroneously, unlawfully and illegally assessed and collected, and this court has jurisdiction by reason of 28 U.S.C. § 1346(a)(1).

4. Recovery is sought of federal income tax for the taxable year ended December 31, 1987. On or about October 17, 1988, Plaintiffs timely filed a joint federal income tax return (form 1040) for the year 1987 with the Internal Revenue Service Center at Atlanta, Georgia.

5. On or about September 18, 2003, Plaintiffs filed a form 1040X amended refund claim with the Internal Revenue Service Center at Atlanta, Georgia for refund of federal income tax paid for 1987 in the amount of $3,629,039.00 together with interest as allowed by law. A copy of the amended claim is attached hereto as Exhibit A. More than six months have elapsed since the filing of the 1987 refund claim and no action has been taken by the Defendant.

6. A. The Plaintiffs' 1987 federal income tax return (form 1040) as filed showed a tax liability of $3,185,443.00. However, as a result of subsequent assessments and abatements determined by the Defendant, as listed below, the assessed tax was reduced to $927,193.00 as follows:

| | | |
|---|---|---|
| Assessed per return | | $3,185,443.00 |
| 02/07/94 assessment | (Exhibit AA) | $210,224.00 |
| 05/09/94 abatement | (Exhibit BB) | $(36,462.00) |
| 01/02/95 abatement | (Exhibit CC | $(102,289.00) |
| 12/25/95 abatement | (Exhibit DD) | $(19,504.00) |
| 12/24/01 abatement | (Exhibit EE) | $(1,041,577.00) |
| 07/08/02 assessment | (Exhibit FF) | $257,445.00 |
| 07/29/02 abatement | (Exhibit FF) | $(1,526,087.00) |
| | | $927,193.00 |

B. In addition to the net abatements determined by the Defendant, Plaintiffs are entitled to a reduction of the remaining 1987 federal income tax liability in the amount of $927,193.00 by reason

of a net operating loss ("NOL") carryover from 1986 calculated and agreed to by the Defendant. The NOL is reflected in a revenue agent's report dated April 18, 2001 for the years 1984 and 1986, a copy of which is annexed hereto (Exhibit B). The revenue agent's report, which the Defendant, despite numerous requests, has failed to process, reflects computations required to be made by the United States Tax Court pursuant to its Decision in Manko v. Commissioner of Internal Revenue, T. C. Memo 1997-510 (1997). The NOL carryover from 1986 eliminates any federal income tax liability for 1987.

C. The Plaintiffs' payments, deposits and credits toward their 1987 federal income taxes (including overpayment credits from other periods) are $3,629,039.37, as follows:

| | | |
|---|---|---|
| 4/15/87 | Involuntary overpayment credit from 1986 | $63,710.00 |
| 4/15/88 | Withheld taxes, excess FICA | $32,218.00 |
| 4/15/88 | Payment with extension request | $1,100,000.00 |
| 3/14/89 | Payment with return | $2,175,000.00 |
| 4/15/89 | Involuntary overpayment credit from 1988 | $13,466.50 |
| 4/15/89 | Involuntary overpayment credit from 1988 | $9,539.50 |
| 11/27/89 | Involuntary overpayment credit from 1988 | $159.99 |
| 5/14/90 | Subsequent Payment | $126,630.95 |
| 2/27/96 | Subsequent Payment | $51,969.00 |
| 2/27/96 | Involuntary overpayment credit from 1988 | $56,345.43 |
| | | $3,629,039.37 |

D. All of the above assessments, abatements, payments, deposits and credits are shown on the annexed transcript of the Plaintiffs' 1987 income tax account printed on March 16, 2007 (Exhibit C).

E. By reason of the net abatements set forth in paragraph 6A. above and the recomputation of taxable income for tax year 1987 as a result of the NOL carryover from 1986, the Plaintiffs' 1987 federal income tax liability is zero and, as a result, Plaintiffs are entitled to a refund of the overpayment of federal income taxes paid, deposited or credited for 1987 in the amount of $3,629,039.47, plus interest as allowed by law.

F. Instead of refunding the 1987 overpayment to the Plaintiffs, the Defendant, although acknowledging an overpayment for tax year 1987 in the amount of $2,701,846.47, erroneously, unlawfully and illegally applied $2,411,710.44 of such acknowledged overpayment to Plaintiffs' 1988 income tax account to be applied against the Unlawful Comco 1988 Assessment (see paragraph 11.B. Count II below) and properly applied the remaining $290,136.03 of such acknowledged overpayment to Plaintiffs' 1979, 1980, 1981 and 1983 income tax accounts but again failed to process the NOL reflected in the revenue agent's report set forth as Exhibit B and thereby erroneously, unlawfully and illegally retained in the Plaintiffs' 1987 tax account the remaining $927,193.00 overpayment.

G. Plaintiffs therefore claim a total refund of the overpayment of 1987 federal income taxes in the amount of $3,338,903.44 ($2,411,710.44+$927,193.00), being the entire amount paid or credited to their income tax account for tax year 1987 in excess of the $290,136.03 properly applied to Plaintiffs' 1979, 1980, 1981 and 1983 income tax accounts, plus interest as allowed by law.

H. Plaintiffs' 1987 amended refund claim (Exhibit A) was timely filed. The Plaintiffs and the Defendant entered into a Special Consent to Extend the Time to Assess Tax (Form 872-A) extending the time for assessing 1987 federal income taxes, and the amended refund claim was filed

during the six month period following the expiration of the time to assess (Internal Revenue Code ["IRC"] § 6511(c)(1)) (Exhibit D). All the amounts claimed are recoverable pursuant to IRC § 6511(c). Additionally, there has been no final determination of federal income tax for 1987.

7. Plaintiffs have overpaid their federal income tax for tax year 1987 in the amount of $3,629,039.37 of which $3,338,903.44 has been erroneously, unlawfully and illegally retained.

**COUNT II**

8.-10. Plaintiffs restate and reallege paragraphs 1. through 3. of this complaint as paragraphs 8. through 10.

9. Recovery is sought of federal income tax for the taxable year ending December 31, 1988. On or about October 16, 1989, Plaintiffs timely filed a joint federal income tax return (form 1040) for the year 1988 with the Internal Revenue Service Center at Atlanta, Georgia.

10. On or about September 18, 2003, Plaintiffs filed a form 1040X amended refund claim with the Internal Revenue Center at Atlanta, Georgia for a refund of federal income tax paid for 1988 in the amount of $10,254,191.00 plus interest as allowed by law. A copy of the amended refund claim is attached hereto as Exhibit E. More than six months have elapsed since the filing of the amended refund claim and no action has been taken by the Defendant.

11. A. The Plaintiffs' federal income tax return for the calendar year 1988, as filed, reflected negative taxable income in the amount of $(5,218,974.00). On or about May 4, 1992, Plaintiffs filed an amended return (form 1040X) (Exhibit F) reporting items of income, credit, deductions, etc. with regard to Plaintiff Bernhard F. Manko's interest in the partnership Harborview Trading Associates, L. P. and reflecting negative taxable income in the amount of $(7,294,268.00). The return as filed

and the amended return both claimed a refund in the amount of $23,006.00, being the amount of federal income tax withheld, and excess social security tax paid, for the tax year 1988. The Defendant has taken no action on such refund claims.

B. On December 12, 1995, without issuing a statutory notice of deficiency and thus violating IRC § 6213(a) and other applicable provisions of law, the Defendant made an unlawful assessment of 1988 federal income taxes in the amount of $10,763,212.00, plus interest (the "Unlawful Comco 1988 Assessment") Manko v. Commissioner, 126 T.C. 195 (2006).

C. On account of the Unlawful Comco 1988 Assessment and in response to a threat of unlawful levy against their property, but while still disputing the validity of the Unlawful Comco 1988 Assessment, Plaintiffs made involuntary monthly deposits, under duress, that the Defendant applied to Plaintiffs' 1988 income tax account. Those deposits, which totaled $1,150,000.00, were as follows:

| | |
|---|---|
| 11/20/96 | $25,000.00 |
| 01/10/97 | $25,000.00 |
| 02/13/97 | $25,000.00 |
| 03/11/97 | $25,000.00 |
| 04/10/97 | $25,000.00 |
| 05/11/97 | $25,000.00 |
| 06/10/97 | $25,000.00 |
| 07/11/97 | $25,000.00 |

| | |
|---|---|
| 08/11/97 | $25,000.00 |
| 09/11/97 | $25,000.00 |
| 10/14/97 | $25,000.00 |
| 11/07/97 | $25,000.00 |
| 12/10/97 | $25,000.00 |
| 01/12/98 | $25,000.00 |
| 02/10/98 | $25,000.00 |
| 03/10/98 | $25,000.00 |
| 04/13/98 | $25,000.00 |
| 05/11/98 | $25,000.00 |
| 06/10/98 | $25,000.00 |
| 07/10/98 | $25,000.00 |
| 08/10/98 | $25,000.00 |
| 09/10/98 | $25,000.00 |
| 10/13/98 | $25,000.00 |
| 11/10/98 | $25,000.00 |
| 12/11/98 | $25,000.00 |
| 01/14/99 | $25,000.00 |

| | |
|---|---|
| 02/10/99 | $25,000.00 |
| 03/10/99 | $25,000.00 |
| 04/14/99 | $25,000.00 |
| 05/10/99 | $25,000.00 |
| 06/10/99 | $25,000.00 |
| 07/12/99 | $25,000.00 |
| 08/10/99 | $25,000.00 |
| 09/15/99 | $25,000.00 |
| 10/18/99 | $25,000.00 |
| 12/17/99 | $25,000.00 |
| 02/10/00 | $25,000.00 |
| 03/10/00 | $25,000.00 |
| 04/10/00 | $25,000.00 |
| 05/10/00 | $25,000.00 |
| 06/12/00 | $25,000.00 |
| 07/10/00 | $25,000.00 |
| 08/14/00 | $25,000.00 |
| 09/11/00 | $25,000.00 |

| | |
|---|---|
| 11/13/00 | $25,000.00 |
| 11/15/00 | $25,000.00 |
| | $1,150,000.00 |

D. All of the foregoing involuntary deposits are reflected on the annexed transcript of the Plaintiffs' 1988 income tax account printed on March 16, 2007 (Exhibit G), except that the payment made on March 10, 1998 is erroneously shown on the transcript as $11,131.57 instead of $25,000.00. Since the assessment was unlawful, Plaintiffs have no federal income tax liability for 1988, and the $1,150,000.00 that the Plaintiffs deposited under duress (to avoid an unlawful levy) on account of such unlawful assessment is an overpayment to be refunded, plus interest as allowed by law.

E. Plaintiffs are also entitled to refunds in the amount of $11,538,018.66, from tax years other than 1988 as set forth below, as a result of income tax overpayments for such years which the Defendant erroneously, unlawfully and illegally credited to the Plaintiffs' 1988 income tax account. Those overpayment credits, as shown by the annexed transcript (Exhibit G), as well as the year from which the overpayments were transferred, are as follows:

| | | |
|---|---|---|
| 01/22/91 | Involuntary overpayment credit from 1990 | $757,399.69 |
| 01/22/91 | Involuntary overpayment credit from 1990 | $860,000.00 |
| 10/22/91 | Involuntary overpayment credit from 1990 | $319,592.00 |
| 04/15/92 | Involuntary overpayment credit from 1991 | $439,398.68 |
| 10/20/92 | Involuntary overpayment credit from 1991 | $110,942.71 |
| 10/20/92 | Involuntary overpayment credit from 1990 | $37,861.29 |

| | | |
|---|---|---|
| 01/25/93 | Involuntary overpayment credit from 1990 | $45,122.87 |
| 01/25/93 | Involuntary overpayment credit from 1991 | $216.84 |
| 02/25/93 | Involuntary overpayment credit from 1991 | $2,000,000.00 |
| 04/15/93 | Involuntary overpayment credit from 1992 | $200,000.00 |
| 04/26/93 | Involuntary overpayment credit from 1991 | $4,280,415.00 |
| 10/19/93 | Involuntary overpayment credit from 1992 | $36,765.00 |
| 10/24/94 | Involuntary overpayment credit from 1992 | $1,777.66 |
| 10/24/96 | Involuntary overpayment credit from 1995 | $2,377.00 |
| 04/15/97 | Involuntary overpayment credit from 1996 | $329.00 |
| 04/15/99 | Involuntary overpayment credit from 1997 | $3,880.00 |
| 04/15/99 | Involuntary overpayment credit from 1998 | $2,446.00 |
| 11/15/99 | Involuntary overpayment credit from 1998 | $25,000.00 |
| 10/16/01 | Involuntary overpayment credit from 2000 | $1.48 |
| 04/15/02 | Involuntary overpayment credit from 2001 | $2,783.00 |
| As of 12/12/95 | Involuntary overpayment credits from 1987 | $2,411,710.44 |
| | | $11,538,018.66 |

F. The Plaintiffs therefore are entitled to refunds in the amount of $12,711,024.66 of amounts applied to their 1988 account, plus interest as allowed by law. That amount includes federal income tax withheld and excess social security tax paid for 1988 ($23,006.00), monthly deposits made under duress to avoid an unlawful levy ($1,150,000.00) and refund of overpayments from years

other than 1988 that the Defendant erroneously, unlawfully and illegally applied to the Plaintiffs' 1988 income tax account ($11,538,018.66).

G. In addition, Plaintiffs are entitled to a reduction of their unassessable tax liability for tax year 1988 (after the Comco adjustments) as a result of an NOL carryover from 1987. The 1987 NOL carryover results from an NOL carryover from 1986 which is reflected in a revenue agent's report dated April 18, 2001 for the years 1984 and 1986, a copy of which is annexed hereto (Exhibit B), which 1986 NOL carryover is not fully utilized in 1987. The revenue agent's report, which, despite numerous requests, the Defendant has failed to process reflects computations required to be made pursuant to the Decision of the United States Tax Court in Manko v. Commissioner of Internal Revenue, T.C. Memo 1997-510 (1997). When allowed, the NOL further reduces any unassessable tax liability for 1988.

H. Plaintiffs' 1988 amended refund claim (Exhibit E) was timely filed. The Plaintiffs and the Defendant entered into a Special Consent to Extend the Time to Assess Tax (Form 872-A) extending the time for assessing 1988 federal income taxes, and the 1988 refund claim was filed during the six month period following the expiration of the time to assess (IRC § 6511(c)(1)) (Exhibit H). All of the amounts claimed are recoverable pursuant to IRC § 6511(c). Additionally, there has been no final determination of federal income tax for 1988.

12. Plaintiffs have overpaid their federal income tax for the tax year 1988 in the amount of $1,173,006.00 being the federal income tax withheld and excess social security tax paid and are entitled to refunds of federal income tax paid for tax years other than tax year 1988 as a result of erroneous, unlawful and illegal overpayment transfers in the amount of $11,538,018.66 from such

years to Plaintiffs 1988 income tax account to be applied against the Unlawful Comco 1988 Assessment.

**COUNT III**

13.-15. Plaintiffs restate and reallege paragraphs 1. through 3. of this complaint as paragraphs 13. through 15.

16. Recovery is sought of federal income tax for the taxable year ending December 31, 1989. On or about October 15, 1990, Plaintiffs filed a timely joint federal income tax return (form 1040) for the year 1989 with the Internal Revenue Center at Atlanta, Georgia.

17. On or about September 18, 2003 Plaintiffs filed a form 1040X amended refund claim with the Internal Revenue Service Center at Atlanta, Georgia for refund of federal income tax paid for 1989 in the amount of $2,365,327.00 plus interest as allowed by law. A copy of the amended refund claim is attached hereto as Exhibit I. More than six months have elapsed since the filing of the amended refund claim and no action has been taken by the Defendant.

18. A. On April 15, 1990, Plaintiffs paid $110,000.00 in connection with their request for an extension of time to file their 1989 federal income tax return. Plaintiffs filed their 1989 federal income tax return (form 1040) on or before October 15, 1990 and paid an additional $1,255,326.78, i.e. the balance of the $1,297,979.00 federal income tax shown on the return ($1,187,979.00) plus interest ($67,347.78).

B. On December 12, 1995, without issuing a statutory notice of deficiency and in violation of IRC § 6213(a) and other applicable provisions of law, the Defendant made an unlawful assessment of additional 1989 federal income taxes against the Plaintiffs in the amount of $2,644,240.00. (the

"Unlawful Comco 1989 Assessment") Manko v. Commissioner, 126 T.C. 195 (2006).

C. On account of the Unlawful Comco 1989 Assessment and in response to a threat of unlawful levy against their property, but while disputing the Unlawful Comco 1989 Assessment, Plaintiffs made, under duress, a $1,000,000.00 involunary deposit for 1989 on May 27, 1996, which was erroneously, unlawfully and illegally applied by the Defendant against the Unlawful Comco 1989 Assessment.

D. On August 19, 1996, the Defendant, by reason of examination of Plaintiffs' 1989 income tax return, abated taxes shown on the Plaintiffs' 1989 income tax return, as filed, in the amounts of $31,499.00 and $211,520.00 (Exhibit GG). The resulting overpayments from such abatements were also erroneously, unlawfully and illegally applied against the Unlawful Comco 1989 Assessment.

E. Plaintiffs therefore are entitled to a refund in the amount of $1,243,019.00, being the $1,000,000.00 they involuntarily deposited under duress to avoid an unlawful levy against their property as well as the two abatements dated August 19, 1996 ($31,499.00 and $211,520.00), plus interest as allowed by law.

F. All of the above mentioned payments, deposits, abatements and assessments are shown on the annexed transcript of Plaintiffs' income tax account for 1989 printed on March 16, 2007 (Exhibit J).

G. In addition, Plaintiffs are entitled to a reduction of their unassessable tax liability for tax year 1989 (after the Comco adjustments) as a result of an NOL carryover from 1988. The NOL carryover results from an NOL carryover from 1986 which is reflected in a revenue agent's report dated April 18, 2001 for the years 1984 and 1986, a copy of which is annexed hereto (Exhibit B),

which 1986 NOL carryover is not fully utilized in 1987 nor 1988. The revenue agent's report which, despite numerous request, the Defendant has failed to process reflects computations required to be made pursuant to the Decision of the United States Tax Court in Manko v. Commissioner of Internal Revenue, T.C. Memo 1997-510 (1997). When allowed, the NOL further reduces any unassessable tax liabiltiy for 1989.

H. The 1989 amended refund claim (Exhibit I) was timely filed. The Plaintiffs and the Defendant entered into a Special Consent to Extend the Time to Assess Tax (Form 872-A) extending the time for assessing 1989 federal income taxes, and the claim was filed during the six month period following the expiration of such time to assess (IRC § 6511(c)(1)) (Exhibit K). More than six months have elapsed since filing of the claim and no action has been taken by the Defendant. All of the amounts claimed are recoverable pursuant to IRC § 6511(c). Additionally, there has been no final determination of federal income tax for 1989.

19. Plaintiffs have overpaid their federal income tax for the year 1989 in the amount of $1,243,019.00.

**COUNT IV**

20. – 22. Plaintiffs restate and reallege paragraphs 1. through 3. of this complaint as paragraphs 20. through 22.

23. Recovery is sought of federal income tax for the taxable year ending December 31, 1990. On or before October 15, 1991 Plaintiffs timely filed a federal income tax return (form 1040) for the year 1990 with the Internal Revenue Service Center at Atlanta, Georgia.

24. On or about June 7, 1999, Plaintiffs filed a form 1040X refund claim (in the nature of a

protective refund claim) with the Internal Revenue Service Center at Atlanta, Georgia for a refund of federal income tax paid for 1990 in the amount of $2,079,727.16 plus interest as allowed by law. A copy of the refund claim is attached hereto as Exhibit L. (It should be noted that Plaintiffs' representative inadvertently dated the refund claim as June 1998 but the United States Postal Service documents included with Exhibit L reflect mailing and delivery dates as June 1999.) More than six months have elapsed since the filing of the refund claim and no action has been taken by the Defendant.

25. On or about September 18, 2003 Plaintiffs filed a second form 1040X amended refund claim with the Internal Revenue Service Center at Atlanta, Georgia for a refund of federal income tax paid for 1990 in the amount of $2,041,866.00 plus interest as allowed by law. A copy of the amended refund claim is attached hereto as Exhibit M. More than six months have elapsed since the filing of the amended refund claim and no action has been taken by the Defendant.

26. A. Plaintiffs 1990 income tax account transcript, printed on March 16, 2007 (Exhibit N) reflects the following credits:

| | | |
|---|---|---|
| 01/22/91 | Estimated tax payment | $ 825,000.00 |
| 01/22/91 | Estimated tax payment | $ 860,000.00 |
| 10/22/91 | Payment with return | $ 319,592.00 |
| 10/20/92 | Involuntary overpayment credit from 1991 | $ 37,861.29 |
| 01/25/93 | Unidentified payment | $ 45,122.87 |
| | | $2,087,576.16 |

B. On December 25, 1995, the Defendant abated the Plaintiffs' 1990 tax by the amount

of $1,996,743.00, i.e. the entire tax shown on the return other than a $7,849.00 self employment tax (Exhibit DD). Such abatement reflects the agreed to changes for tax year 1990 set forth in the Form 906 Closing Agreement dated January 18, 1994 relating to Plaintiff Bernhard F. Manko's interest in Comco Partners (the "Comco Closing Agreement") (Exhibit O). However, instead of refunding the resulting $2,079,727.16 overpayment ($2,087,576.16 - $7,849.00), the Defendant erroneously, unlawfully and illegally made the following transfers to the Plaintiffs' 1988 income tax account to be applied against the "Unlawful Comco 1988 Assessment":

| | |
|---|---|
| 1/22/91 | $ 757,399.69 |
| 1/22/91 | $ 860,000.00 |
| 10/22/91 | $ 319,592.00 |
| 10/20/92 | $ 37,861.29 |
| 01/25/93 | $ 45,122.87 |
| | $2,019,975.85 |

and erroneously retained the $59,751.31 balance in the Plaintiffs' 1990 account applying such retained balance against a then invalid estimated tax penalty. (It should be noted that the transfer on 10/22/91 in the amount of $319,592.00 has been erroneously characterized on the transcript of the 1990 tax account [(Exhibit N)] as "Correction of Payment With Return" and the transfer on 1/22/91 has been erroneously characterized as "Dishonored Payment" but each transfer coincides with the overpayment credit recorded in the 1988 tax account in the same amount and upon the same date [Exhibit G].)

C. Plaintiffs are entitled to a refund of the $2,079,727.16 1990 overpayment being the

$2,019,975.85 overpayment that was erroneously, unlawfully and illegally transferred to Plaintiffs' 1988 income tax account to be applied against the "Unlawful Comco 1988 Assessment", as well as the additional $59,751.31 which was abated but erroneously, unlawfully and illegally retained in the 1990 income tax account and applied against a then invalid estimated tax penalty.

D. All of the above mentioned payments, transfers, assessments and abatements are shown on the transcript of Plaintiffs income tax account for 1990 printed on March 16, 2007 (Exhibit N).

27. The 1990 refund claim and amended refund claim were timely filed. The Plaintiffs and the Defendant entered into Special Consent to Extend the Time to Assess Tax (Form 872-A) on July 13, 1994 (Exhibit P). On March 10, 1999 Defendant issued Form 872-T – Notice of Termination of Special Consent to Extend the Time to Assess Tax for 1990 (Exhibit Q). On or before June 7, 1999 Plaintiffs filed a form 1040X refund claim for refund (Exhibit L). The refund claim was filed during the six month period following the expiration of such time to assess (IRS § 6511 (c)(1)). On or about September 18, 2003 Plaintiffs filed an amended form 1040X refund claim (Exhibit M) supplementing the June 7, 1999 refund claim (Exhibit L). More than six months have elapsed since the filing of the refund claim and of the amended refund claim and no action has been taken on either refund claim by the Defendant. All of the amounts claimed are recoverable pursuant to IRS § 6511 (c). Additionally there has been no final determination of federal income tax for 1990.

28. Plaintiffs have overpaid their federal income tax for the year 1990 in the amount of $2,079,727.16.

## COUNT V

29. - 31. Plaintiffs restate and reallege paragraphs 1. through 3. as paragraphs 29. through 31.

32. Recovery is sought of federal income tax for the taxable year ending December 31, 1991.

33. A. On or about October 15, 1992 each Plaintiff timely filed their respective federal income tax return for the year 1991 with the Internal Revenue Center at Atlanta, Georgia – each reflecting married filing separate return filing status.

B. On or about June 8, 1993, Plaintiff Bernhard F. Manko filed a form 1040X amended return for 1991 with the Defendant, also with a filing status of married filing separate return, reflecting the agreed to changes for tax year 1991 set forth in the Comco Closing Agreement (Exhibit O), and requesting a refund in the amount of $6,280,415.00. A copy of the June 8, 1993 amended return is attached hereto as Exhibit R.

C. On or about July 5, 1994 Plaintiffs filed a form 1040X amended return for 1991 (Exhibit S) timely electing a filing status of married filing joint return, superseding their previously filed separate original and amended returns for 1991 and requesting an increased refund in the amount of $6,729,607 on the basis of the Comco Closing Agreement (Exhibit O) and the change in their filing status.

34. On or about September 18, 2003 Plaintiffs filed a second form 1040X joint amended refund claim with the Internal Revenue Service Center at Atlanta, Georgia for refund of federal income tax paid for 1991 in the amount of $6,961,575.00 plus interest as allowed by law. A copy of the amended refund claim is attached hereto as Exhibit T.

35. More than six months have elapsed since the filing of each of the 1991 refund claims and no

action has been taken by the Defendant with regard to any of the refund claims.

36. A. The Plaintiffs have made the following payments on account of their 1991 income tax liability as filed and which are reflected on the transcript of Plaintiffs' 1991 tax account printed on March 16, 2007 (Exhibit U):

| | |
|---|---|
| 04/15/92 | $ 570,000.00 |
| 10/20/92 | $ 110,942.71 |
| 01/25/93 | $ 216.84 |
| 02/25/93 | $2,000,000.00 |
| 04/26/93 | $4,280,415.00 |
| | $6,961,574.55 |

B. The income tax liability as shown on Plaintiffs' 1991 return, as filed, was $9,093,446.00 of which Plaintiffs remitted $6,961,574.55. However, abatements by the Defendant of $8,823,617.00 (Exhibit DD) (reflecting the agreed to changes for tax year 1991 set forth in the Comco Closing Agreement [Exhibit O]) and $267,354.00 (Exhibit HH) (reflecting the results of an examination of Plaintiffs' income tax return) on December 25, 1995 and February 10, 1997, respectively, reduced the 1991 joint tax liability to $2,475.00.

C. Notwithstanding the Defendant's aforementioned agreed to abatements, the Defendant failed to refund any of the resulting overpayments that the Plaintiffs paid on account of their 1991 tax liability. Instead, Defendant made the following erroneous, unlawful and illegal transfers from the Plaintiffs' 1991 tax account to their 1988 income tax account and applied them

against the Unlawful Comco 1988 Assessment:

| | |
|---|---|
| 04/15/92 | $ 439,398.68 |
| 10/20/92 | $ 110,942.71 |
| 01/25/93 | $ 216.84 |
| 02/25/93 | $2,000,000.00 |
| 04/26/93 | $4,280,415.00 |
| | $6,830,973.23 |

D. Plaintiffs therefore are entitled to a refund of the 1991 overpayment of $6,961,574.55 being the amounts paid:

| | |
|---|---|
| 04/15/92 | $ 570,000.00 |
| 10/20/92 | $ 110,942.71 |
| 01/25/93 | $ 216.84 |
| 02/25/93 | $2,000,000.00 |
| 04/26/93 | $4,280,415.00 |
| | $6,961,574.55 |

plus interest as allowed by law.

E. All of the above mentioned payments, transfers and abatements are shown on the transcript of Plaintiffs' income tax account for 1991 printed on March 16, 2007 (Exhibit U).

37. The 1991 amended refund claim filed on September 18, 2003 (Exhibit T) was timely filed. The Plaintiffs and the Defendant entered into Special Consents to Extend the Time to Assess Tax

(forms 872-A) extending the time for assessing 1991 federal income taxes, and the amended refund claim was filed during the six month period following the expiration of such times to assess (IRC § 6511 (c) (1) (Exhibit V). All of the amounts claimed are recoverable pursuant to IRC § 6511 (c). Additionally, there has been no final determination of federal income tax for 1991.

38. Plaintiffs have overpaid their federal income tax for the year 1991 in the amount of $6,961,575.00.

**COUNT VI**

39. - 41. Plaintiffs restate and reallege paragraphs 1. through 3. of this complaint as paragraphs 39. through 41.

42. Recovery is sought of federal income tax for the tax year 1992.

1. On or before October 15, 1993 each Plaintiff timely filed their respective federal income tax return for the year 1992 with the Internal Revenue Center at Atlanta, Georgia – each reflecting married filing separate return filing status.

2. On or about February 9, 1994 Plaintiffs filed a form 1040X amended return for 1992 with the Defendant with a filing status of married filing joint return, superseding their previously filed separate returns for 1992, and requesting a refund in the amount of $236,765.00 by reason of the change in their filing status. (Exhibit W). No action has been taken by the Defendant on the refund claim.

3. On or about September 18, 2003 Plaintiffs filed a second form 1040X joint amended refund claim with the Internal Revenue Service Center at Atlanta, Georgia for a refund of federal income tax paid for 1992 in the amount of $238,543 plus interest as allowed by law. A copy of the

amended refund claim is attached hereto as Exhibit X. More than six months have elapsed since the filing of the amended refund claim and no action has been taken by the Defendant.

43. A. Plaintiffs made the following payments with respect to their married filing separate 1992 combined tax liability, but they had no income tax liability for the 1992 tax year after they elected married filing joint:

| | |
|---|---|
| 04/15/93 | $ 200,000.00 |
| 10/19/93 | $ 36,765.00 |
| 01/25/94 | $ 1,777.66 |
| | $ 238,542.66 |

B. Abatement of all of Plaintiffs' tax liability for tax year 1992 has been calculated, and agreed to, by the Defendant (Exhibit DD) on the basis of the agreed to changes for tax year 1992 set forth in the Comco Closing Agreement (Exhibit O).

C. Instead of refunding the resulting overpayments, the Defendant erroneously, unlawfully and illegally transferred them to the Plaintiffs' 1988 tax account and applied them against the Unlawful Comco 1988 Assessment.

D. Plaintiffs are entitled to a refund of 1992 taxes paid in the amount of $238, 542.66 plus interest as allowed by law.

E. All the said payments, transfers and abatements are shown on the annexed IRS transcript of Plaintiffs' income tax account for 1992 printed on March 16, 2007 (Exhibit Y).

F. The 1992 refund claim filed on February 9, 1994 and the amended refund claim filed on September 18, 2003 were both timely filed. The Plaintiffs and the Defendant entered into

various agreements extending the time for assessing 1992 income taxes. The refund claim filed on February 9, 1994 was filed prior to the expiration of the time to assess income taxes for 1992 and the amended refund claim was filed during the six month period following the expiration of such time (Exhibit Z). Additionally, there has been no final determination of federal income tax for 1992.

44. Plaintiffs have overpaid their federal income tax for tax year 1992 in the amount of $238,543.00.

Wherefore, Plaintiffs demand:

A. Judgment directing the following refunds:

1987 – in the amount of $3,338,903.44;

1988 – in the amount of $1,173,006.00;

1989 – in the amount of $1,243,019.00;

1990 – in the amount of $2,079,727.16;

1991 – in the amount of $6,961,575.00; and

1992 – in the amount of $238,543.00

plus interest as allowed by law.

B. Such other relief as the Court may deem just, including, but not limited to,

the award of reasonable litigation costs and attorneys fees incurred, pursuant to 26 USC § 7430.

Irwin S. Meyer, Esq.
Irwin S. Meyer, LLC
One Blue Hill Plaza
10th Floor, P. O. Box 1606
Pearl River, New York 10965
Telephone: (845) 735-9400
Facsimile: (845) 735-8908
Attorney for Plaintiff
Bernhard F. Manko

Dated: 4/18, 2007

Hugh Janow, Esq.
Law Offices of Hugh Janow, LLC
One Blue Hill Plaza
10th Floor, P. O. Box 1586
Pearl River, New York 10965
Telephone: (845) 735-8385
Facsimile: (845) 735-1054
Attorney for Plaintiff
Cynthia G. Manko

Dated: 4/18, 2007

**VERIFICATION BY ATTORNEY**

STATE OF NEW YORK )
) SS:
COUNTY OF ROCKLAND )

**IRWIN S. MEYER**, being duly sworn deposes and says:

That I am the attorney for the Plaintiff **BERNHARD F. MANKO** and that the foregoing Complaint is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: April 18, 2007

IRWIN S. MEYER

PATRICIA A. TOTERO
Notary Public, State of New York
No. 01TO6116552
Qualified in Rockland County
My Commission Expires on Oct. 4, 2008

STATE OF NEW YORK )
) SS:
COUNTY OF ROCKLAND )

**HUGH JANOW**, being duly sworn deposes and says:

That I am the attorney for the Plaintiff **CYNTHIA G. MANKO** and that the foregoing Complaint is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: April 18, 2007

HUGH JANOW

PATRICIA A. TOTERO
Notary Public, State of New York
No. 01TO6116552
Qualified in Rockland County
My Commission Expires on Oct. 4, 2008