# EXHIBIT M

Form **1040X** (Rev. November 2002)

Department of the Treasury - Internal Revenue Service

# Amended U. S. Individual Income Tax Return

See separate instructions.

OMB No. 1545-0091

This return is for calendar year 1990 , or fiscal year ended

| Please print or type | | | |
|---|---|---|---|
| Your first name and initial: Bernhard F. | Last name: Manko | | Your social security number: 014-30-52-202 |
| If a joint return, spouse's first name and initial: Cynthia G. | Last name: Manko | | Spouse's social security number: 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 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 2850 N. E. 44th Street | | Apt. no. | Phone number |
| City, town or post office, state, and ZIP code. If you have a foreign address, see pg. 2 of the instructions. Lighthouse Point , FL 33364 | | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here . . . . . . . . . . . . . ☐

B Has the original return been changed or audited by the IRS or have you been notified that it will be? . . . . . ☒ Yes ☐ No

C Filing status. Be sure to complete this line. NOTE. You cannot change from joint to separate returns after the due date.

On original return ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

On this return ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

Use Part II on the back to explain any changes

| Income and Deductions (see pages 2-6) | Line | A. ORIGINAL AMOUNT or as previously adjusted (see page 2) | B. NET CHANGE-amount of increase or (decrease)-explain in Part II | C. CORRECT AMOUNT |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 2,036,707 | 0 | 2,036,707 |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C | 6 | 0 | 0 | 0 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | 0 | 0 |
| 9 Other taxes (see page 4) | 9 | 7,849 | 0 | 7,849 |
| 10 Total tax. Add lines 8 and 9 | 10 | 7,849 | 0 | 7,849 |
| **Payments** 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | 1,685,000 |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 364,715 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 2,049,715 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | 2,049,715 |
| 21 AMOUNT YOU OWE. If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 2,041,866 |
| 23 Amount of line 22 you want REFUNDED TO YOU | 23 | | | 2,041,866 |
| 24 Amount of line 22 you want APPLIED TO YOUR ESTIMATED TAX | 24 | | | |

**Sign Here** — Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Your signature | Date | Spouse's signature. If a joint return, BOTH must sign. | Date

| Paid Preparer's Use Only | | | |
|---|---|---|---|
| Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN: P00161222 |
| Firm's name (or yours if self-employed), address, and ZIP code | Janow & Meyer, LLC | EIN | 13-3923535 |
| | 1 Blue Hill Plaza, Box 1606, Pearl River, NY 10965 | Phone no. | 845.735.9400 |

Form 1040X (Rev. 11-2002) Manko 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 Page 2

**Part II** **Exemptions.** See Form 1040 or 1040A instructions.

If you are NOT CHANGING YOUR EXEMPTIONS, do not complete this part.
If claiming MORE EXEMPTIONS, complete lines 25-31.
If claiming FEWER EXEMPTIONS, complete lines 25-30.

| | | | A. ORIGINAL NUMBER of exemptions reported or as previously adjusted | B. NET CHANGE | C. CORRECT NUMBER of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse<br>CAUTION. If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (A) First name | Last name | (B) Dependent's social security number | (C) Dependent's relationship to you | (D) Check if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
* lived with you ☐
* DID NOT live with you due to divorce or separation (see page 5) ☐
Dependents on line 31 not entered above ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ☐

23. See explanation attached hereto and made a part hereof.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ☐

If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ☐

1990

This Form 1040X is submitted in order to amplify a protective claim for refund of 1990 income taxes which was signed and mailed by the taxpayers on June 7, 1999 and received by the Internal Revenue Service on June 10, 1999.

## EXPLANATION OF CLAIM

On or before January 22, 1991, taxpayers made estimated payments of 1990 income tax in the amounts of $825,000 and $860,000. On or before October 15, 1991, they filed their 1990 income tax return and paid $319,592 with the return. The payments, which are shown on the annexed IRS transcript, totaled $2,004,592, the same amount as the tax shown on the return.

On December 25, 1995, the IRS abated the taxpayers' 1990 tax by the amount of $1,996,743, i.e., the entire amount shown on the return other than a $7,849 self employment tax. However, instead of refunding the resulting $1,996,743 overpayment, the IRS transferred $1,936,991.69 to the taxpayers' 1988 account to be applied against an unlawful "quick assessment," and retained the $59,751.31 balance in the taxpayers' 1990 account.

Also shown on the transcript is a payment on January 25, 1993 of $45,122.87, which was credited to taxpayers' 1990 account. That amount was an overpayment. However, instead of refunding the overpayment to the taxpayers, the IRS also transferred that amount to the taxpayers' 1988 account to be applied against the unlawful "quick assessment."

Taxpayers claim refund of the $1,936,991.69 and $45,122.87 overpayments that were transferred to their 1988 account, as well as the additional $59,751.31 which was abated.

Taxpayers therefore claim refund of 1990 income taxes paid in the total amount of $2,041,865.87, plus interest as allowed by law.

Taxpayers' refund claim is timely. They entered into various agreements extending the time for assessing 1990 income taxes, and their claim was filed during the six month period following the expiration of such time. All of the amounts claimed were paid or deemed paid after the execution of the first extension agreement or would have been recoverable under Code Section 6511(b)(2) if the claim had been filed on the date the first extension agreement was executed. Additionally, there has been no final determination of tax for this year.

I:\Meyer I\Clients\MANKO\Claim for Refund\1990 Explanation 3.wpd

PAGE NO-0001 IRS EMPLOYEE 2502005420

DATE REQUESTED 07-10-2003 PRINT DATE 07-10-2003

FORM NUMBER: 1040 TAX PERIOD: DEC 1990

TAXPAYER IDENTIFICATION NUMBER: 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
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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

BERNHARD F & CYNTHIA MANKO

BODC-SB BODCLC-W

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 06-25-2001 |
| ACCRUED PENALTY: | 0.00 | AS OF 06-25-2001 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** EXEMPTIONS: 02 **FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 2,020,293.00- |
| ** TAXABLE INCOME: | 0.00 |
| TAX PER RETURN: | 2,004,592.00 |
| ** SE TAXABLE INCOME TAXPAYR: | 51,300.00 |
| ** SE TAXABLE INCOME SPOUSE: | 0.00 |
| ** TOTAL SELF EMPLOY TAX: | 7,849.00 |

** PER RETURN OR AS ADJUSTED

10-22-1991 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
12-09-1991 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 07221-295-77119-1 | 12-09-1991 | 2004,592.00 |
| 430 | ESTIMATED TAX DECLARATION | 01-22-1991 | 825,000.00- |
| 460 | EXTENSION OF TIME TO FILE EXT. DATE 08-15-1991 | 04-15-1991 | |
| 460 | EXTENSION OF TIME TO FILE EXT. DATE 10-15-1991 | 04-15-1991 | |
| 613 | PAYMENT WITH RETURN | 10-22-1991 | 319,592.00- |
| 666 | ESTIMATED TAX CREDIT TRANSFERRED IN | 01-22-1991 | 860,000.00- |
| 176 | ESTIMATED TAX PENALTY 199148 | 12-09-1991 | 59,751.31 |
| 276 | FAILURE TO PAY TAX PENALTY 199148 | 12-09-1991 | 9,587.76 |
| 196 | INTEREST ASSESSED 199148 | 12-09-1991 | 16,678.90 |
| 271 | FAILURE TO PAY TAX PENALTY ABATED | 07-20-1992 | 9,587.76- |
| 290 | ADDITIONAL TAX ASSESSED | 07-20-1992 | 0.00 |

PAGE NO-0002 IRS EMPLOYEE 2502005420

| | | |
|---|---|---|
| 07254-582-18000-2 199228 | | |
| 196 INTEREST ASSESSED 199228 | 07-20-1992 | 4,132.69 |
| 290 CLAIM DISALLOWED 07254-582-98000-2 | 07-27-1992 | 0.00 |
| 290 CLAIM DISALLOWED 07254-667-99000-2 | 10-12-1992 | 0.00 |
| 706 OVERPAID CREDIT APPLIED 1040 199112 | 10-20-1992 | 37,861.29- |
| 673 SUBSEQUENT PAYMENT | 01-25-1993 | 45,122.87- |
| 196 INTEREST ASSESSED 199306 | 02-22-1993 | 2,421.26 |
| 960 RECEIVED POA/TIA | 09-13-1994 | |
| 301 PRIOR TAX ABATED BY EXAMINATION 07247-741-10009-5 | 12-25-1995 | 1996,743.00- |
| 337 INTEREST ABATED | 12-25-1995 | 23,232.85- |
| 300 ADDITIONAL TAX ASSESSED BY EXAMINATION 07247-463-10026-7 199711 | 03-24-1997 | 0.00 |
| 560 ASSESSMENT STATUTE EXPIR DATE EXTEND TO 06-09-1999 | 03-11-1999 | |
| 300 ADDITIONAL TAX ASSESSED BY EXAMINATION 07247-491-70008-9 199914 | 04-19-1999 | 0.00 |
| 612 CORRECTION OF PAYMENT WITH RETURN | 10-22-1991 | 319,592.00 |
| 661 DISHONORED PAYMENT | 01-22-1991 | 757,399.69 |
| 286 DISHONORED CHECK PENALTY 199919 | 05-24-1999 | 15,147.99 |
| 662 CORRECTION OF ESTIMATED TAX PAYMENT | 01-22-1991 | 860,000.00 |
| 672 SUBSEQUENT PAYMENT CORRECTED | 01-25-1993 | 45,122.87 |
| 701 OVERPAID CREDIT REVERSED 1040 198812 | 10-20-1992 | 37,861.29 |
| 176 ESTIMATED TAX PENALTY 199919 | 05-24-1999 | 33,372.10 |
| 281 DISHONORED CHECK PENALTY ABATED | 05-24-1999 | 15,147.99- |
| 290 ADDITIONAL TAX ASSESSED 07254-594-06959-9 199929 | 08-02-1999 | 0.00 |
| 196 INTEREST ASSESSED 199929 | 08-02-1999 | 515.90 |
| 290 ADDITIONAL TAX ASSESSED 07254-636-18083-9 199935 | 09-13-1999 | 0.00 |
| 171 ESTIMATED TAX PENALTY ABATED | 12-09-1991 | 33,372.10- |
| 290 ADDITIONAL TAX ASSESSED 07254-691-18233-9 199943 | 11-08-1999 | 0.00 |
| 197 INTEREST ABATED | 11-08-1999 | 515.90- |
| 961 REMOVED POA/TIA | 01-17-2000 | |
| 977 AMENDED RETURN FILED 29277-426-02031-0 | 12-31-1999 | 0.00 |
| 960 RECEIVED POA/TIA | 02-28-2000 | |
| 290 ADDITIONAL TAX ASSESSED 29254-480-05631-1 200113 | 04-09-2001 | 0.00 |
| 961 REMOVED POA/TIA | 05-04-2001 | |

# EXHIBIT N

Internal Revenue Service

This Product Contains Sensitive Taxpayer Data

Request Date: 03-16-2007
Response Date: 03-16-2007
IRS Employee Number: Y2KBB
Tracking Number: 100013487269

# Account Transcript

FORM NUMBER: 1040 TAX PERIOD: Dec. 31, 1990

TAXPAYER IDENTIFICATION NUMBER: 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
SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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

BERNHARD F & CYNTHIA MANKO

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

Any minus sign shown below signifies a credit amount.

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Feb. 19, 2007 |
| ACCRUED PENALTY: | 0.00 | AS OF: Feb. 19, 2007 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |
| ** EXEMPTIONS: | 02 | ** FILING STATUS: Married Filing Joint |
| ** ADJUSTED GROSS INCOME: | -2,020,293.00 | |
| ** TAXABLE INCOME: | 0.00 | |
| TAX PER RETURN: | 2,004,592.00 | |
| ** SE TAXABLE INCOME TAXPAYER: | 51,300.00 | |
| ** SE TAXABLE INCOME SPOUSE: | 0.00 | |
| ** TOTAL SELF EMPLOYMENT TAX: | 7,849.00 | |

** PER RETURN OR AS ADJUSTED

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER): Oct. 22, 1991
PROCESSING DATE: Dec. 09, 1991

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 19914608 | 12-09-1991 | $2,004,592.00 |
| | 07221-295-77119-1 | | | |
| 430 | ESTIMATED TAX DECLARATION | | 01-22-1991 | -$825,000.00 |
| 460 | EXTENSION OF TIME TO FILE<br>EXT. DATE 08-15-1991 | | 04-15-1991 | $0.00 |
| 460 | EXTENSION OF TIME TO FILE<br>EXT. DATE 10-15-1991 | | 04-15-1991 | $0.00 |
| 613 | PAYMENT WITH RETURN | | 10-22-1991 | -$319,592.00 |
| 666 | ESTIMATED TAX CREDIT TRANSFERRED IN | | 01-22-1991 | -$860,000.00 |
| 176 | ESTIMATED TAX PENALTY | 19914808 | 12-09-1991 | $59,751.31 |
| 276 | FAILURE TO PAY TAX PENALTY | 19914808 | 12-09-1991 | $9,587.76 |
| 196 | INTEREST ASSESSED | 19914808 | 12-09-1991 | $16,678.90 |
| 271 | FAILURE TO PAY TAX PENALTY ABATED | | 07-20-1992 | -$9,587.76 |
| 290 | ADDITIONAL TAX ASSESSED | 19922808 | 07-20-1992 | $0.00 |
| | 07254-582-18000-2 | | | |
| 196 | INTEREST ASSESSED | 19922808 | 07-20-1992 | $4,132.69 |
| 290 | CLAIM DISALLOWED | 19922908 | 07-27-1992 | $0.00 |
| | 07254-582-98000-2 | | | |
| 290 | CLAIM DISALLOWED | 19924008 | 10-12-1992 | $0.00 |
| | 07254-667-99000-2 | | | |
| 706 | OVERPAID CREDIT APPLIED<br>1040 199112 | | 10-20-1992 | -$37,861.29 |
| 673 | SUBSEQUENT PAYMENT | | 01-25-1993 | -$45,122.87 |
| 196 | INTEREST ASSESSED | 19930608 | 02-22-1993 | $2,421.26 |
| 960 | RECEIVED POA/TIA | | 09-13-1994 | $0.00 |
| 301 | PRIOR TAX ABATED BY EXAMINATION | | 12-25-1995 | -$1,996,743.00 |
| | 07247-741-10009-5 | | | |
| 337 | INTEREST ABATED | | 12-25-1995 | -$23,232.85 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 19971108 | 03-24-1997 | $0.00 |
| | 07247-463-10026-7 | | | |
| 560 | ASSESSMENT STATUTE<br>EXPIRATION DATE EXTEND TO 06-09-1999 | | 03-11-1999 | $0.00 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 19991408 | 04-19-1999 | $0.00 |
| | 07247-491-70008-9 | | | |
| 612 | CORRECTION OF PAYMENT WITH RETURN<br>1040 198812 | | 10-22-1991 | $319,592.00 |
| 661 | DISHONORED PAYMENT | | 01-22-1991 | $757,399.69 |
| 286 | DISHONORED CHECK PENALTY | 19991908 | 05-24-1999 | $15,147.99 |
| 662 | CORRECTION OF ESTIMATED TAX PAYMENT<br>1040 198812 | | 01-22-1991 | $860,000.00 |
| 672 | SUBSEQUENT PAYMENT CORRECTED<br>1040 198812 | | 01-25-1993 | $45,122.87 |

| | | | | |
|---|---|---|---|---|
| 701 | OVERPAID CREDIT REVERSED<br>1040 198812 | | 10-20-1992 | $37,861.29 |
| 176 | ESTIMATED TAX PENALTY | 19991908 | 05-24-1999 | $33,372.10 |
| 281 | DISHONORED CHECK PENALTY ABATED | | 05-24-1999 | -$15,147.99 |
| 290 | ADDITIONAL TAX ASSESSED<br>07254-594-06959-9 | 19992908 | 08-02-1999 | $0.00 |
| 196 | INTEREST ASSESSED | 19992908 | 08-02-1999 | $515.90 |
| 290 | ADDITIONAL TAX ASSESSED<br>07254-636-18083-9 | 19993508 | 09-13-1999 | $0.00 |
| 171 | ESTIMATED TAX PENALTY ABATED | | 12-09-1991 | -$33,372.10 |
| 290 | ADDITIONAL TAX ASSESSED<br>07254-691-18233-9 | 19994308 | 11-08-1999 | $0.00 |
| 197 | INTEREST ABATED | | 11-08-1999 | -$515.90 |
| 961 | REMOVED POA/TIA | | 01-17-2000 | $0.00 |
| 977 | AMENDED RETURN FILED<br>29277-426-02031-0 | | 12-31-1999 | $0.00 |
| 960 | RECEIVED POA/TIA | | 02-28-2000 | $0.00 |
| 290 | ADDITIONAL TAX ASSESSED<br>29254-480-05631-1 | 20011308 | 04-09-2001 | $0.00 |
| 961 | REMOVED POA/TIA | | 05-04-2001 | $0.00 |
| 977 | AMENDED RETURN FILED<br>07277-667-00294-3 | | 09-18-2003 | $0.00 |
| 290 | ADDITIONAL TAX ASSESSED<br>07254-454-05569-4 | 20040908 | 03-15-2004 | $0.00 |
| 960 | RECEIVED POA/TIA | | 06-06-2006 | $0.00 |
| 962 | UPDATED POA/TIA | | 01-16-2007 | $0.00 |
| 962 | UPDATED POA/TIA | | 01-30-2007 | $0.00 |

This Product Contains Sensitive Taxpayer Data

# EXHIBIT O

Form 906
(Rev. 1/87)

Department of the Treasury-Internal Revenue Service

CLOSING AGREEMENT ON FINAL DETERMINATION
COVERING SPECIFIC MATTERS

---

Under section 7121 of the Internal Revenue Code of 1986, Bernhard F. Manko (SSN: 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), Inmate Number 15991-054, Federal Prison Camp, Eglin Air Force Base, Eglin, Florida 32542, and Cynthia Manko (SSN: 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), 2850 North East 44th Street, Lighthouse Point, Florida 33364 (hereafter referred to as the "taxpayers") and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, the taxpayers are partners in the partnership known as Comco Dealers EIN: 13-3438732;

WHEREAS, a dispute has arisen between the parties to this agreement as to the amount of the taxpayers' distributive share of income, gains, losses, deductions and credits with respect to the taxpayers' interest in the partnership Comco Dealers;

WHEREAS, the parties to this agreement wish to determine with finality the taxpayers' distributive share of income, gains, losses, deductions and credits with respect to the taxpayers' interest in the partnership Comco Dealers ("Comco") for the taxable years 1987 through 1991, inclusive.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes:

(1) That the taxpayers' distributive shares of ordinary income/(loss) from Comco for the taxable years 1987, 1988, 1989, 1990 and 1991 are ordinary losses in the amounts of $0.00, $(264,589.00), $(324,779.00), $(299,473.00) and $(9,071.00), respectively.

(2) That the taxpayers' distributive shares of portfolio interest income from Comco for the taxable years 1987, 1988, 1989, 1990 and 1991 are $3,782.00, $11,847.00, $98,320.00, $23,618.00 and $14,920.00, respectively.

(3) That the taxpayers' distributive shares of short-term capital gain/(loss) from Comco for the taxable years 1987, 1988, 1989, 1990 and 1991 are $(70,053.00), $841,482.00, $(1,401,506.00), $(570,096.00) and $(50,366.00), respectively.

Closing Agreement of
Bernhard Manko and Cynthia Manko

(4) That the taxpayers' distributive shares of short-term capital loss from Comco for the taxable years 1987, 1989, 1990 and 1991 shall not be carried back. Such losses may only be carried forward.

(5) That the taxpayers' distributive share of long-term capital gain/(loss) from Comco for the taxable years 1987, 1988, 1989, 1990 and 1991 are $(3,386.00), $246,649.00, $37,156.00, $(38,998.00) and $0.00, respectively.

(6) That the taxpayers' distributive shares of long-term capital loss from Comco for the taxable years 1987 and 1990 shall not be carried back. Such losses may only be carried forward.

(7) That the taxpayers' distributive share of charitable contributions from Comco for the taxable years 1987, 1988, 1989, 1990 and 1991 are $0.00, $3,465.00, $0.00, $0.00 and $0.00, respectively.

(8) No other losses, deductions or credits are allowable with respect to the taxpayers' investment in Comco under any provisions of the Internal Revenue Code for the taxable years 1987, 1988, 1989, 1990 and 1991.

(9) That the taxpayers are not subject to additional interest under I.R.C. section 6621(c) on any portion of any deficiency arising from the taxpayers' investment in Comco for the taxable years 1987, 1988, 1989, 1990 and 1991.

(10) That the taxpayers are not subject to additions to tax under I.R.C. sections 6653(a)(1), 6653(a)(2), 6653(a)(1)(A), 6653(a)(1)(B), 6659 or 6661 on any portion of any deficiency arising from the taxpayers' investment in Comco for the taxable years 1987, 1988, 1989, 1990 and 1991.

(11) This Closing Agreement does not affect or preclude later adjustments of (to the extent permitted by law) any other item of income, gain, loss, deduction or credit other than those from Comco for the taxable years 1987, 1988, 1989, 1990 and 1991.

* * * * * * * * * * * * * * * * * * * * * * *

Closing Agreement of
Bernhard Manko and Cynthia Manko

This agreement is final and conclusive except:

1. The matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

2. It is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for I.R.C. § 7122) notwithstanding any other law or rule of law; and

3. If it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

[signature] Date Signed 12/20/93
Bernhard F. Manko

[signature] Date Signed 12/28/93
Cynthia Manko

_______________ Date Signed_______
Taxpayer's representative

Commissioner of Internal Revenue

By [signature] Date Signed 01-18-94

Title ACTING DISTRICT DIRECTOR

# Closing Agreement of
# Bernhard Manko and Cynthia Manko

## Instructions

This agreement must be signed and filed in triplicate. All copies must have original signatures.

The original and copies of the agreement must be identical.

The name of the taxpayer must be stated accurately.

The agreement may relate to one or more years.

If an attorney or agent signs the agreement for the taxpayer, the power of attorney (or a copy) authorizing that person to sign must be attached to the agreement. If the agreement is made for a year when a joint income tax return was filed by a husband and wife, it should be signed by or for both spouses. One spouse may sign as agent for the other if the document (or a copy) specifically authorizing that spouse to sign is attached to the agreement.

If the fiduciary signs the agreement for a decedent or an estate, an attested copy of the letters testamentary or the court order authorizing the fiduciary to sign, and a certificate of recent date that the authority remains in full force and effect must be attached to the agreement. If a trustee signs, a certified copy of the trust instrument or a certified copy of extracts from that instrument must be attached showing:

(1) the date of the instrument;

(2) that it is or is not of record in any court;

(3) the names of the beneficiaries;

(4) the appointment of the trustee, the authority granted, and other information necessary to show that the authority extends to Federal tax matters; and

(5) that the trust has not been terminated, and that the trustee appointed is still acting. If a fiduciary is a party, Form 56, Notice Concerning Fiduciary Relationship, is ordinarily required.

If the taxpayer is a corporation, the agreement must be dated and signed with the name of the corporation, the signature and title of an authorized officer or officers, or the signature of an authorized attorney or agent. It is not necessary that a copy of an enabling corporate resolution be attached. See 26 C.F.R. 601.504(b)(2)(ii) as to dissolved corporations.

Use additional pages if necessary, and identify them as part of this agreement.

Please see Revenue Procedure 68-16 C.B. 1968-1, page 770, for a detailed description of practice and procedures applicable to most closing agreements.

# EXHIBIT P

| Form 872-A (Rev. October 1987) | Department of the Treasury — Internal Revenue Service<br>**Special Consent to Extend the Time to Assess Tax** | In reply refer to:<br>CTR 4552<br>SSN or EIN<br>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 |
|---|---|---|

Bernard F. Manko & Cynthia Manko
*(Name(s))*

taxpayer(s) of 2850 N.E. 44th Street, Lighthouse Point, Florida 33364
*(Number, Street, City or Town, State, ZIP Code)*

and the District Director of Internal Revenue or Regional Director of Appeals consent and agree as follows:

(1) The amount(s) of any Federal Income *(Kind of tax)* tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1990 may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment is prohibited. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement.

(2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax or the overassessment date of a decrease in the above tax that reflects the final determination of tax and the final administrative appeals consideration. An assessment or overassessment for one period covered by this agreement will not end this agreement for any other period it covers. Some assessments do not reflect a final determination and appeals consideration and therefore will not terminate the agreement before the expiration date. Examples are assessments of: (a) tax under a partial agreement; (b) tax in jeopardy; (c) tax to correct mathematical or clerical errors; (d) tax reported on amended returns; and (e) advance payments. In addition, unassessed payments, such as amounts treated by the Service as cash bonds and advance payments not assessed by the Service, will not terminate this agreement before the expiration date determined in (1) above. This agreement ends on the date determined in (1) above regardless of any assessment for any period includible in a report to the Joint Committee on Taxation submitted under section 6405 of the Internal Revenue Code.

(3) This agreement will not reduce the period of time otherwise provided by law for making such assessment.

(4) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 (six) months after this agreement ends.

*(Signature instructions and space for signature are on the back of this form)*

MAKING THIS CONSENT WILL NOT DEPRIVE THE TAXPAYER(S) OF ANY APPEAL RIGHTS TO WHICH THEY WOULD OTHERWISE BE ENTITLED.

YOUR SIGNATURE HERE → [signature] 6/16/94
*(Date signed)*

SPOUSE'S SIGNATURE → [signature] 6/28/94
*(Date signed)*

TAXPAYER'S REPRESENTATIVE
SIGN HERE →
*(Date signed)*

CORPORATE
NAME →

CORPORATE
OFFICER(S)
SIGN HERE

*(Title)* *(Date signed)*

*(Title)* *(Date signed)*

MERLIN W. HEYE
DISTRICT DIRECTOR OF INTERNAL REVENUE

REGIONAL DIRECTOR OF APPEALS

BY [signature] Group Manager 7-13-94
*(Signature and Title)* *(Date signed)*

**Instructions**

If this consent is for income tax, self-employment tax, or FICA tax on tips and is made for any year(s) for which a joint return was filed, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other. The signatures must match the names as they appear on the front of this form.

If this consent is for gift tax and the donor and the donor's spouse elected to have gifts to third persons considered as made one-half by each, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other. The signatures must match the names as they appear on the front of this form.

If this consent is for Chapter 41, 42, or 43 taxes involving a partnership, only one authorized partner need sign.

If you are an attorney or agent of the taxpayer(s), you may sign this consent provided the action is specifically authorized by a power of attorney. If the power of attorney was not previously filed, you must include it with this form.

If you are acting as a fiduciary *(such as executor, administrator, trustee, etc.)* and you sign this consent, attach Form 56, Notice Concerning Fiduciary Relationship, unless it was previously filed.

If the taxpayer is a corporation, sign this consent with the corporate name followed by the signature and title of the officer(s) authorized to sign.

If this consent is for Chapter 42 taxes, a separate Form 872-A should be completed for each potential disqualified person or entity that may have been involved in a taxable transaction during the related tax year. See Revenue Ruling 75-391, 1975-2 C.B. 446.

# EXHIBIT Q

Form 872-T (Rev. 10/1990)

# Notice of Termination of Special Consent to Extend the Time to Assess Tax

In reply refer to: AP:FTL:JCH

| | | |
|---|---|---|
| Taxpayer(s) Name(s) | BERNHARD F. & CYNTHIA MANKO | Termination by: IRS |
| Taxpayer(s) Address: | 2850 N.E. 44TH STREET<br>LIGHTHOUSE POINT, FL 33064 | Taxpayer(s) SSN/EIN: 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 |
| Kind of Tax: Income | Tax Period(s) Covered by this Notice: Tax Year Ended December 31, 1990 | Issuing Office Code - SE:AP:SFA<br>Service Center Code - |

Under the agreement dated July 13, 1994, between the above taxpayer(s) and the Internal Revenue Service, this form is written notification of termination of Form 872-A, Special Consent to Extend the Time to Assess Tax, for the kind of tax and tax period(s) indicated above.

Signature and mailing instructions are on page 2.
Signing this notice will not deprive the taxpayer(s) of any appeal rights to which they would otherwise be entitled.

| | | |
|---|---|---|
| Your Signature | | Date Signed |
| Spouse's Signature | | Date Signed |
| Taxpayer's Representative's Signature | | Date Signed |
| Corporate Name | | |
| Corporate Officer(s) Signature | Name and Title | Date Signed |
| | Name and Title | Date Signed |
| District Director of Internal Revenue | Regional Director of Appeals<br>Linda M. Garrard (Acting) | |
| By (Signature and Title) Roger E. Allen Acting Associate Chief | | Date Signed MAR 1 0 1999 |

ignature instructions are on the 2nd page of this form)

Form 872-T-c (Rev. 10/1990)