IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-252 T

(Judge Marian Blank Horn)

BERNARD F. AND CYNTHIA G. MANKO,

Plaintiffs

v.

UNITED STATES,

Defendant

# JOINT STATUS REPORT

Pursuant to the Court's June 29, 2007, Order, the parties submit the following joint status report. Counsel for the parties have conferred on two occasions and plaintiffs' counsel has provided documents requested by defendant's counsel. Defendant's counsel has conferred on several occasions with his counterpart with the IRS, most recently on July 24, 2007. The position of the IRS is that the claims in the complaint should be defended and that the two Tax Court decisions involving plaintiffs do not entitle them to the claimed refunds.

However, defendant's counsel has not yet received the detailed information requested by the Court in its June 29, 2007, Order. The first issue raised by the complaint is whether plaintiffs are entitled to carry forward losses from their 1986 tax year to their 1987 and 1988 tax years. Plaintiffs allege those 1986 losses were the result of the application of the settlement of Manko

v. Commissioner, T.C. Memo. 1997-510 (1997) (hereinafter, "Manko 1997"). (Complaint ¶ 6(b)). The IRS has advised defendant's counsel that the losses plaintiffs refer to in the complaint are not the result of the settlement of Manko 1997, and that plaintiffs are not entitled to claim those losses. However, defendant's counsel has not yet received the documents supporting that position. Defendant counsel is scheduling a meeting in the next three weeks with IRS Chief Counsel and several appeals officers and revenue agents in Florida who worked on the settlement of Manko 1997 and the assessments related to that settlement.

The second issue raised by the complaint is whether plaintiffs are entitled to refund of payments made with regard to assessments related to the Comco partnership that was the subject of Manko v. Commissioner, 126 T.C. 195 (2006). The IRS has advised defendant's counsel that plaintiffs are not entitled to the refunds claimed in the complaint because the IRS is entitled to retain such payments even though the assessments were found to be invalid by the Tax Court. Defendant's counsel is scheduling a meeting in the next three weeks with IRS Chief Counsel and Manhattan District Counsel in order to obtain further details regarding the basis for the IRS position.

Respectfully submitted,

07/25/07
Date

s/Irwin S. Meyer

IRWIN S. MEYER
P. O. Box 1606
1 Blue Hill Plaza, 10th Floor
Pearl River, N.Y. 10965-8606
(845) 735-9400, ext. 103
(845) 735-8908 (facsimile)

Attorney for Plaintiffs

07/25/07
Date

s/Benjamin C. King, Jr

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506
(202) 514-9440 (facsimile)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

07/25/07
Date

s/Mary M. Abate
Of Counsel

Attorneys for Defendant