IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-252 T

(Judge Marian Blank Horn)

BERNARD F. AND CYNTHIA G. MANKO,

Plaintiffs

v.

UNITED STATES,

Defendant

MOTION FOR EXTENSION OF TIME

The defendant, pursuant to RCFC 6(b), respectfully moves this Court for an enlargement of 30 days, from July 25, 2007, to and including August 24, 2007, of the deadline for the defendant to answer or otherwise respond to the complaint in the above-captioned case. One prior enlargement of this deadline totaling 30 days has been granted. Plaintiffs' counsel has indicated that plaintiffs take no position on defendant's motion.

As good cause therefore, in preparing a draft of the answer in the above-captioned case, a question has arisen concerning the timeliness of the claims for refund plaintiffs filed on September 18, 2003, for the years in issue, 1987-1992. (Compl. Exs. A, E, I, M, T, X.) Defendant's counsel has not yet received complete administrative files from the IRS, and thus does not yet have any original claims for refund in his possession. The September 18, 2003,

claims are the only claims attached to the complaint raising the issue that the assessments made pursuant to the Comco Closing Agreement were not valid. The September 18, 2003, claims were filed more than six months after January 27, 2003, the date the IRS received Forms 872T from the plaintiffs terminating the consent to extent the time to assess tax. (Compl. Ex. D, H, K, Z.) If those claims are not timely, then this Court has no jurisdiction over most of the amount in issue in this case.

The IRS transcripts, and plaintiffs' September 15, 2003, letter transmitting the claims for refund received by the IRS on September 18, 2003, reference claims for refund being filed on June 30, 2003. (Compl. Ex. A, C, G, J, U.) However, no copies of those claims are attached to the complaint and there is no reference to those claims in the complaint. Those claims were not included in the tax returns and claims for refund provided to defendant's counsel by plaintiffs' counsel in response to defendant's counsel's request for copies of <u>all</u> relevant returns and claims. Defendant submits that those claims are key to resolving the question of this Court's jurisdiction over the Comco Closing Agreement issue.

Since the September 18, 2003, claims were filed more than six months after the receipt of the Forms 872 T by the IRS, they would be timely only if they could be considered as amending or supplementing the June 30, 2003 claims. However, if the June 30, 2003 claims did not raise the Comco Closing Agreement issue, then the September 18, 2003, claims would be new (untimely) claims, not supplemental claims, and this Court would not have jurisdiction over most of the amount in issue in this case. Defendant submits that this jurisdictional question should be resolved before defendant files its answer.

A further reason for extending the time for answering is that an extension will allow defendant to obtain from the IRS its final position whether any portion of the claims related to the Comco Closing Agreement set forth in the complaint may be resolved administratively (assuming the potential jurisdictional issue is resolved and the Court's jurisdiction established). Defendant's counsel is meeting next week with the IRS to address this question which involves a novel legal issue on which the IRS is still finalizing its position. In addition, defendant's counsel is meeting with several IRS Appeals Officers and Revenue Agents during the next three weeks to address the computational questions arising out of the Arbitrage Management issue, which is the basis for the refund claimed in 1987 and a small part of the refund claimed in 1988. Defendant submits that the requested extension will allow its counsel to complete discussions with the IRS and attempt to confirm whether there are any jurisdictional issues that should be raised prior to answering the complaint.

WHEREFORE, defendant respectfully requests that the Court enlarge the deadline for the

defendant to answer or otherwise respond to the complaint to August 24, 2007.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/Mary M. Abate

Of Counsel

July 25, 2007