**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BERNHARD F. AND CYNTHIA G. MANKO, | ) | |
| Plaintiffs, | ) | No. 07-252 T<br>Judge Marian Blank Horn |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME AND REQUEST FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S MOTION**

The Plaintiffs, pursuant to RCFC 7.2(a), hereby object to Defendant's Motion for Extension of Time and respectfully request reconsideration of the Court's Order dated July 26, 2007, granting Defendant's Motion. While Plaintiffs initially had no position with respect to the granting of Defendant's Motion for Extension of Time, based upon a review of the Defendant's Motion, Plaintiffs believe that Defendant's Motion should not have been granted.

At no time prior to the filing of Defendant's Motion did Defendant's counsel raise or indicate that there were any jurisdictional issues, let alone a Statute of Limitations issue. Plaintiffs' counsel agreed not to take a position with respect to Defendant's Motion based on conversations with Defendant's counsel in which he represented that his basis for requesting an extension was that he needed additional time to receive information from and meet with his client, as reflected in the parties Joint Status Report filed with the Court on July 25, 2007. No mention was ever made to Plaintiffs' counsel of any jurisdictional issues.

Defendant's counsel has had 90 days to review jurisdictional issues, particularly an issue that was set forth and clearly discernible in the Complaint, and has never said anything. Plaintiffs' counsel believes this argument was raised by Defendant's counsel only to whet the Court's appetite by raising the possibility that the Court can easily rid itself of this case over a jurisdictional issue and, therefore, mislead the Court into thinking that an extension of time was justified.

Plaintiffs' Counsel is compelled to object to Defendant's Motion and request reconsideration of the Court's order dated July 26, 2007, granting Defendant's Motion, and, in so doing, refute misstatements of fact and law that are either deliberate or a result of such a reckless disregard for the facts and applicable law that sanctions are not only appropriate but the only way that the Court can get either the Defendant or Defendant's counsel to not disregard, with impunity, the Court's directives.

The discussion to follow will show this jurisdictional issue to be nothing but a smokescreen to bulk up Defendant's request for an extension that the Court, in its conference on June 28, 2007, said, in no uncertain terms, should not be made. Plaintiffs' Complaint, on page 4, paragraph 6. H.; page 11, paragraph 11. H.; page 13, paragraph 18. H.; page 16, paragraph 27.; page 20, paragraph 37. and page 22, paragraph 43. F., clearly sets forth the jurisdictional basis for the refund claim and sets forth the law as it is rather than as Defendant's Counsel represents it to be.

As noted above, the principal reason set forth in Defendant's Motion for Extension of Time is the need to address a potential jurisdictional issue relative to the timelines of the filing of Plaintiffs' claims for refund, which form the basis for the preponderance of Plaintiffs' case. To that end, Defendant's counsel states that the claims for refund filed on September 18, 2003 were not timely filed unless they were supplemental to the claims for refund filed on June 30, 2003. In order to raise the June 30, 2003 claims for refund to such importance, Defendants' counsel has deliberately, or as a result of a failure to review the terms of its own Form 872-A, reached the totally unsupportable conclusion that the Statute of Limitations expired prior to September 18, 2003.

Defendant's counsel stated that Plaintiffs were required to file the Refund claims no later than six months after the <u>filing</u> of Forms 872-T for the years in issue, i.e. 1987 – 1992. Had Defendant's counsel taken the time to read and understand Plaintiff's Complaint, Defendant would have realized that the Forms 872-T were filed to terminate Forms 872-A, extension of time to assess tax. The Forms 872-A were contractual agreements between the Plaintiffs and the Defendant and, by their specific terms, the underlying extension of the statute of limitations does not expire until <u>90 days after</u> the Forms 872-T are filed. In this case, that 90 day period began to run on January 27, 2003, the date the Forms 872-T were admittedly received by the Defendant. According to the terms of the Forms 872-A, the statutes of limitations would have expired 90

days later, to wit: April 27, 2003. Defendant's counsel acknowledges that the 872-As were available for him to read, but apparently he failed to read this standard language printed on every Form 872-A.

Internal Revenue Code section 6511(c) specifically states that the "… period for filing claims for credit or refund … shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof …" (emphasis added). In this case the time to assess would have terminated on April 27, 2003. Six months thereafter is October 27, 2003. Accordingly, the Refund Claims filed on September 18, 2003 were timely filed. Thus, the Refund Claims filed on June 30, 2003 are clearly not relevant to this case.

Defendant's counsel goes on to state that the June 30, 2003 claims "were not included in the tax returns and claims for refund provided to Defendant's counsel … in response to Defendant's counsel's request for copies of all relevant returns and claims" (emphasis added). At no time did Defendant's counsel request "copies of all relevant returns and claims". As the result of a teleconference with Defendant's counsel held on July 12, 2007, Plaintiffs' counsel volunteered to provide copies of all the relevant tax returns and audit reports with explanations in response to Defendant's counsel's statement that he had not received any documents from Defendant other than transcripts. Those returns and audit reports were provided to Defendant's counsel on the two days following the teleconference. Had Defendant's counsel requested the June 30, 2003 Refund Claims, they would have been provided with the same expedience. Had Defendant's counsel made any serious attempt to determine whether the September Refund Claims were time barred, he would have known that the September Refund Claims were not time barred.

It is inconceivable to Plaintiffs' counsel that someone as experienced as Defendant's counsel, or his reviewer (who raised the issue), could be completely unaware of the time limitations relating to the filing of refund claims for years in which extensions of the time to assess tax were entered into. Plaintiffs' counsel find it somewhat surprising that when an allegation of this nature is made, the Defendant's counsel does not even state the date the Statute of Limitations expired, merely that it was prior to September 18, 2003.

Further, Defendant's counsel's claim that he is meeting with Defendant to develop a response to what he characterizes as a "… novel legal issue…" is interesting and telling. The

Court may wish to ask Defendant's counsel why, after 90 days, the Defendant is only now developing a position with regard to what Defendant's counsel or Defendant characterizes as a novel legal issue. There is nothing novel about the issue before the court, i.e., applying refunds to a tax assessment which has been determined by the United States Tax Court to be illegal. Defendant's counsel has stated on several occasions, both to the Court and to Plaintiffs' counsel, that the issues seemed simple to him. The issue is simple; it is the Defendant's response that may be novel. It should not take 90 days for Defendant's counsel to come up with a response to an issue that has been at the forefront of the IRS's National Office agenda for at least two years.

Accordingly, Defendant's Motion for Extension of Time should not have been granted and Plaintiffs respectfully request reconsideration of the Court's Order dated July 26, 2007, granting Defendant's Motion.

Respectfully submitted,

/s/ Irwin S. Meyer
Irwin S. Meyer, Esq.
Attorney for Plaintiff Bernhard F. Manko
Irwin S. Meyer, LLC
One Blue Hill Plaza
10th Floor, P. O. Box 1606
Pearl River, New York 10965
Telephone: (845) 735-9400
Facsimile: (845) 735-8908

Dated: July 27, 2007

/s/ Hugh Janow
Hugh Janow, Esq.
Attorney for Plaintiff Cynthia G. Manko
Law Offices of Hugh Janow, LLC
One Blue Hill Plaza
10th Floor, P. O. Box 1586
Pearl River, New York 10965
Telephone: (845) 735-8385
Facsimile: (845) 735-1054

Dated: July 27, 2007