# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * *

**BERNHARD F. and CYNTHIA G. MANKO,**

**Plaintiffs,**

**v.**

**UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * *

**No. 07-252T**
**Filed: July 30, 2007**

**O R D E R**

The court is in receipt of the plaintiffs' July 27, 2007 objection to the defendant's motion for an enlargement of 30 days to file an answer to the plaintiff's complaint, and request for reconsideration of the court's order granting the defendant's motion. Defendant's motion for an enlargement of time had indicated that defendant had not yet received complete administrative files from the IRS, that defendant's counsel had not received the IRS' final position on the Comco claims or the other matters cited in the defendant's motion, and that there was a question on the timeliness of the plaintiffs' refund claims. In this latter regard, subject matter jurisdiction may be challenged at any time by the defendant, or by the court sua sponte. See Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 ( 2005). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001). In their objection, plaintiffs' counsel are very clear in their own minds that there is no jurisdictional impediment, however, after reviewing the plaintiffs' filing, the court is unable to share counsel's certainty, at this time, and the court has not heard from the defendant on the matter. Therefore, had the court had the benefit of plaintiffs' objection to the defendant's motion prior to granting the motion, the court's decision would have been the same. Plaintiff's objection and request for reconsideration are **DENIED**.

Furthermore, the characterization on page one of the plaintiffs' objection, of the defendant "whet[ting] the Court's appetite by raising the possibility that the Court can easily rid itself of this case," implies that the court will abandon its duty to resolve this case in an appropriate fashion, an implication which is unsupported in plaintiff's filing and which the court can assure plaintiffs is inaccurate.

The parties are reminded of the status conference set for **Thursday, September 6, 2007, at 10:30 a.m. EDT**. Both parties may appear by telephone. Unless otherwise notified, the court will contact Mr. Meyer at (845) 735-9400, ext. 103, Mr. Janow at (845) 735-8385, ext. 105 and Mr. King at (202) 307-6506. The parties shall be prepared to discuss the jurisdictional issue at that time, as well as to propose how to proceed in this case, with a proposed timeline. In particular, defendant's counsel shall be prepared to address the various allegations contained in plaintiffs' July 27, 2007 objection.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**