IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-252 T

(Judge Marian Blank Horn)

BERNARD F. AND CYNTHIA G. MANKO,

Plaintiffs

v.

UNITED STATES,

Defendant

ANSWER

Defendant, the United States, in answer to the complaint of plaintiffs, Bernard F. and Cynthia G. Manko, respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

1. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2. Admits the allegations in paragraph 2 of the complaint.

3. Admits that jurisdiction, to the extent it exists, would be based on 28 U.S.C. § 1491. Denies that the tax or interest were erroneously, illegally, or unlawfully assessed or collected.

4. Admits the allegations in paragraph 4 of the complaint.

5. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit A is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit A was an amended refund claim or a new refund claim; admits the remaining allegations in paragraph 5 of the complaint.

6. A. Admits the allegations in part A of paragraph 6 of the complaint.

6. B. Denies the allegations in part B of paragraph 6 of the complaint.

6. C. Admits the dates and amounts of the payments set forth in part C of paragraph 6 of the complaint but denies that any payments or overpayment credits from other periods were involuntary.

6. D. Admits that Exhibit C reflects all payments, credits, abatements and assessments related to plaintiffs' 1987 tax year; denies that Exhibit C shows that plaintiffs made any deposits with respect to that year.

6. E. Denies the allegations in part E of paragraph 6 of the complaint.

6. F. Admits that $2,411,710.44 of the overpayment allowed for plaintiffs' 1987 tax year was applied as a credit, pursuant to 26 U.S.C. § 6402(a), against plaintiffs' outstanding tax liability for 1988; admits that $290,136.03 of the overpayment allowed for plaintiffs' 1987 tax year was applied as a credit, pursuant to 26 U.S.C. § 6402(a), against plaintiffs' outstanding tax liability for 1979-1981 and 1983; denies the remaining allegations in part F of paragraph 6 the complaint.

6. G. Denies the allegations in part G of paragraph 6 of the complaint.

6. H. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit A is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit A was an amended refund claim or a new refund claim; admits the remaining allegations in the first two sentences of part H of paragraph 6 of the complaint; denies the remaining allegations in part H of paragraph 6 of the complaint.

7. Denies the allegations in paragraph 7 of the complaint.

8-10. In response to paragraphs 8-10 of the complaint defendant incorporates and reiterates its responses to paragraphs 1-3 of the complaint.

9. Admits the allegations in paragraph 9 of the complaint.

10. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit E is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit E was an amended refund claim or a new refund claim; admits the remaining allegations in paragraph 10 of the complaint.

11. A. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit F is not a true and correct copy; admits the remaining allegations in part A of paragraph 11 of the complaint but avers that the amended return was filed on June 10, 1992, not May 4, 1992, as alleged in the complaint.

11. B. Admits that the IRS assessed additional income taxes with respect to plaintiffs' 1988 tax year, in the amount of $10,763,212.00, plus interest on December 12, 1995; admits that

no notice of deficiency was issued by the IRS prior to that assessment; denies all remaining allegations in part B of paragraph 11 of the complaint.

11. C. Admits that the payments in the amounts set forth in part C of paragraph 11 of the complaint were made on the stated dates but avers that the payment made on March 10, 1998, was only $11,131.57, not $25,000.00, as alleged in the complaint; denies all remaining allegations in part C of paragraph 11 of the complaint.

11. D. Admits that Exhibit G reflects all payments, credits, abatements and assessments related to plaintiffs' 1988 tax year; denies that Exhibit G shows that plaintiffs made any deposits with respect to that year; avers that the payment made on March 10, 1998, was $25,000.00, not $11,131.57; denies the remaining allegations in part D of paragraph 11 of the complaint.

11. E. Admits that the IRS allowed overpayments in plaintiffs' 1987, 1990, 1991, 1992, 1996, 1997, 1998, 2000, and 2001 tax years, in the amounts set forth in part E of paragraph 11 of the complaint; admits that those overpayments were applied as credits, pursuant to 26 U.S.C. § 6402(a) against plaintiffs' outstanding tax liability for 1988; denies all remaining allegations in part E of paragraph 11 of the complaint.

11. F-G. Denies the allegations in part F and G of paragraph 11 of the complaint.

11. H. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit H is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit E was an amended refund claim or a new refund claim; admits the remaining allegations in the first two sentences of part H of paragraph 11 of the complaint; denies the remaining allegations in part H of paragraph 11 of the complaint.

12. Denies the allegations in paragraph 12 of the complaint.

13-15. In response to paragraphs 13-15, defendant incorporates and reiterates its responses to paragraph 1-3 of the complaint.

16. Admits the allegations in paragraph 16 of the complaint.

17. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit I is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit I was an amended refund claim or a new refund claim; admits the remaining allegations in paragraph 17 of the complaint.

18. A. Admits the allegations in part A of paragraph 18 of the complaint.

18. B. Admits that on December 12, 1995, the IRS assessed an additional income tax liability for plaintiffs' 1989 tax year in the amount of $2,644.240.00; admits that no notice of deficiency was issued before that assessment was made; denies the remaining allegations in part B of paragraph 18 of the complaint.

18. C. Admits that on May 27, 1996, plaintiffs made a payment of $1,000,000.00 against their outstanding 1989 tax liability; denies all remaining allegations in part C of paragraph 18 of the complaint.

18. D. Admits that on August 19, 1996, the IRS abated prior tax assessments related to plaintiffs' 1989 tax year in the amounts of $31,499 and $211,520, plus interest; denies all remaining allegations in part D of paragraph 18 of the complaint.

18. E. Denies the allegations in part E of paragraph 18 of the complaint.

18. F. Admits that Exhibit J reflects all payments, abatements and assessments related to plaintiffs' 1989 tax year; denies that those transcripts show any deposits being made by plaintiffs with respect to that year; denies all remaining allegations in part F of paragraph 18 of the complaint.

18. G. Denies the allegations in part G of paragraph 18 of the complaint.

18. H. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit I is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form as belief as to whether Exhibit I was an amended refund claim or a new refund claim; admits the remaining allegations in the first three sentences of part H of paragraph 18 of the complaint; denies the remaining allegations in part H of paragraph 18 of the complaint.

19. Denies the allegations in paragraph 19 of the complaint.

20-22. In response to paragraphs 20-22, defendant incorporates and reiterates its responses to paragraph 1-3 of the complaint.

23. Admits the allegations in paragraph 23 of the complaint but avers that plaintiffs' return for 1990 was filed on October 22, 1991.

24. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit L is not a true and correct copy; avers that plaintiffs' "protective refund claim" (Exhibit L) was filed on December 31, 1999, not June 7, 1999; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the complaint.

25. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit M is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit M was an amended refund claim or a new refund claim; admits the remaining allegations in paragraph 25 of the complaint.

26. A. Denies that the overpayment credit from 1991 was involuntary; admits the remaining allegations in part A of paragraph 26 of the complaint.

26. B. Admits the allegations in the first two sentences of part B of paragraph 26; admits that the IRS applied the $2,019,975.85 overpayment allowed for plaintiffs' 1990 tax year, as a credit, pursuant to 26 U.S.C. § 6402(a), against plaintiffs' outstanding tax liability for 1988; denies all other allegations in part B of paragraph 26 of the complaint.

26. C. Denies the allegations in part C of paragraph 26 of the complaint.

26. D. Admits that Exhibit C reflects all payments, abatements and assessments related to plaintiffs' 1990 tax year; denies the remaining allegations in part D of paragraph 26 of the complaint.

27. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibits M is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit M was an amended refund claim or a new refund claim or whether it supplemented Exhibit L; admits the remaining allegations in the first six sentences in paragraph 27 of the complaint; denies the remaining allegations in paragraph 27 of the complaint.

28. Denies the allegations in paragraph 28 of the complaint.

29-31. In response to paragraphs 29-31, defendant incorporates and reiterates its responses to paragraph 1-3 of the complaint.

32. Admits the allegations in paragraph 32 of the complaint.

33. A. Admits the allegations in part A of paragraph 33 of the complaint.

33. B-C. States that defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in parts B and C of paragraph 33 of the complaint.

34. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit T is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit T was an amended refund claim or a new refund claim and as to whether it was a second joint amended refund claim; admits the remaining allegations in paragraph 34 of the complaint.

35. Admits the allegations in paragraph 35 of the complaint.

36. A-B. Admits the allegations in parts A and B of paragraph 36 of the complaint.

36. C. Admits that the IRS applied the overpayments allowed for plaintiffs' 1991 tax year, in the amounts and on the dates set forth in part C of paragraph 36 of the complaint, as credits, pursuant to 26 U.S.C. § 6402(a), against plaintiffs' outstanding tax liability for 1988; denies all other allegations in part C of paragraph 36 of the complaint.

36. D. Denies the allegations in part D of paragraph 36 of the complaint.

36. E. Admits the allegations in part E of paragraph 36 of the complaint.

37. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit T is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit T was an amended

refund claim or a new refund claim; admits the remaining allegations in the first two sentences of paragraph 37 of the complaint; denies the remaining allegations in paragraph 37 of the complaint.

38. Denies the allegations in paragraph 38 of the complaint.

39-41. In response to paragraphs 39-41, defendant incorporates and reiterates its responses to paragraph 1-3 of the complaint.

42. 1. Avers that the plaintiffs' 1992 return was filed on October 22, 1993; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in part 1 of paragraph 42 of the complaint.

42. 2. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in part 2 of paragraph 42 of the complaint.

42. 3. States that defendant currently has no reason to believe that the unsigned copy attached to the complaint as Exhibit X is not a true and correct copy; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit X was an amended refund claim or a new refund claim or as to whether it was a second amended refund claim; admits the remaining allegations in part 3 of paragraph 42 of the complaint.

43. A-B. Admits the allegations in parts A and B of paragraph 43 of the complaint.

43. C. Admits that the IRS applied the overpayments allowed for plaintiffs' 1992 tax year, in the amounts set forth in part A of paragraph 43 of the complaint, as credits, pursuant to 26 U.S.C. § 6402(a), against plaintiffs' outstanding tax liability for 1988; denies all other allegations in part C of paragraph 43 of the complaint.

43. D. Denies the allegations in part D of paragraph 43 of the complaint.

43. E. Admits the allegations in part E of paragraph 43 of the complaint.

43. F. States that defendant currently has no reason to believe that the unsigned copies attached to the complaint as Exhibits W and X are not true and correct copies; states that defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit X was an amended refund claim or a new refund claim; admits the remaining allegations in the first three sentences in part F of paragraph 43 of the complaint; denies the remaining allegations in paragraph 43 of the complaint.

44. A. B. Denies the allegations in parts A and B of paragraph 44 of the complaint.

ADDITIONAL DEFENSE

As a defense to plaintiffs' claims that they are entitled to a refund of amounts paid as tax related to the items set forth in the Comco closing agreement, defendant asserts that plaintiffs are not entitled to any refund of those payments because they have stipulated and agreed that they owed the tax in question. As a result of the stipulations and agreements set forth in the Comco closing agreement there was no overpayment of tax in plaintiffs' 1988 or 1989 tax years, and, therefore, plaintiffs are not entitled to any refund with respect to those years. Further, plaintiffs are not entitled to any refund of overpayments allowed in 1990-1992, and applied as credits against plaintiffs' 1988 and 1989 tax liability based on the Comco closing agreement.

OFFSET

In further response to the complaint, defendant asserts the additional tax resulting from the items stipulated and agreed to by plaintiffs in the Comco closing agreement, as an offset against any refund plaintiffs might otherwise be entitled to receive in the years in issue.

WHEREFORE, defendant prays that the complaint of plaintiffs, Bernard F. and Cynthia G. Manko, be dismissed with prejudice, with defendant's costs to be taxed against the plaintiffs and with such other relief as the Court deems appropriate and just.

Respectfully submitted,

s/Benjamin C. King, Jr.
BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/Mary M. Abate
Of Counsel

August 24, 2007