IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-252 T

(Judge Marian Blank Horn)

BERNARD F. AND CYNTHIA G. MANKO,

Plaintiffs

v.

UNITED STATES,

Defendant

DEFENDANT'S STATUS REPORT

Pursuant to the Court's July 26, 2007, Order, the parties have consulted and exchanged drafts of joint status reports but have been unable to agree on the language to be included in such a joint report. Therefore, defendant is submitting its own status report setting forth a detailed explanation of the issues in this case.

Counsel for the parties have conferred on two occasions since the last joint status report. Further, defendant's counsel has held three meetings with the Internal Revenue Service and has several follow up conversations. On August 14, 2007, defendant's counsel received 24 boxes of documents from the IRS related to the plaintiffs. Defendant's counsel has completed his review of those documents and has identified about three boxes of documents relevant to the issues in this case. Those documents are currently being copied.

There are two primary issues raised in the complaint in the above-captioned case. The first is plaintiffs' claim that they are entitled to refunds in 1987-1989 as a result of the settlement of the tax items related to the Arbitrage Management partnership, which settlement was the subject of *Manko v. Commissioner*, T.C. Memo. 1997-510 (1997). The complaint does not indicate the amount of any claimed refunds related to that issue. According to the documents recently reviewed by defendant's counsel, and his discussions with IRS personnel involved in the audit and review of plaintiffs' 1987-1989 tax years, defendant has concluded that the Arbitrage Management settlement was properly and fully applied to the tax years in issue and, therefore, plaintiffs are not entitled to any of the refunds sought in the complaint based on that issue.

However, there is still a question remaining regarding plaintiffs' 1986 tax year. Plaintiffs claim that as a result of the Arbitrage Management settlement they incurred additional losses in 1986, which losses should be carried forward to 1987-1989, resulting in overpayments in those years. However, plaintiffs have not provided any computations to support that contention and have not identified the amount of any claimed overpayments involved. Therefore, to finally resolve the issue of the Arbitrage Management settlement, defendant's counsel has requested that an IRS revenue agent review the three boxes of documents referred to above, and review and audit plaintiffs' 1984-1989 tax years to ensure that the Arbitrage Management settlement has been fully implemented.

The second issue raised by the complaint is whether plaintiffs are entitled to a refund based on the decision of the Tax Court in *Manko v. Commissioner*, 126 T.C. 195 (2006). That decision, in a "collection due process" case, held that the assessments of additional tax for

plaintiffs' 1988 and 1989 tax years, based on the closing agreement executed by plaintiffs with respect to the Comco partnership, were invalid because no notice of deficiency was issued prior to those assessments. Therefore, the IRS could not proceed with collection of the unpaid tax assessed for those years. However, defendant's position is that the Tax Court's decision does not entitle plaintiffs to any refund in this case. The Tax Court specifically held that the closing agreement executed by plaintiffs remained binding and that plaintiffs could not contest the treatment of the Comco items resolved in that agreement. 126 T.C. at 204.

Defendant has determined, for two reasons, that the Tax Court's decision does not entitle plaintiffs to a refund of any amounts paid prior to the expiration of the statute of limitations on assessment, with respect to the tax liability resulting from the terms of the Comco closing agreement. First, pursuant to 26 U.S.C. § 6213(b)(4), no notice of deficiency was required for the IRS to assess the tax payments at issue in this case (*i.e.*, those payments made prior to the expiration of the assessment statute). Second, there is no overpayment of tax for 1988 and 1989, in light of plaintiffs' agreement to the items covered by the Comco closing agreement. The amounts plaintiffs seek to have refunded result entirely from the Comco items plaintiffs stipulated and agreed to. In light of the closing agreement, which the Tax Court held was binding on plaintiffs, there is no overpayment of tax in plaintiffs' 1988 or 1989 tax years.

Defendant has raised this issue in the answer both as an additional defense and as an offset.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/Mary M. Abate
Of Counsel

August 24, 2007