IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERNHARD F. AND CYNTHIA G. MANKO, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-252-T |
| | ) | Judge Marian Blank Horn |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' STATUS REPORT**

By Order dated July 26, 2007, the Court directed the parties to submit a joint status report on or before August 24, 2007. Counsel for the parties have conferred on three occasions since the last joint status report, twice in connection with the filing of this status report.

On August 23, 2007, Defendant's counsel provided to Plaintiffs' counsel a draft Joint Status Report for review. Plaintiffs' counsel notified Defendant's counsel that Plaintiffs objected to the inclusion of Defendant's arguments with respect to the case without a corresponding recitation of Plaintiffs' arguments. Defendant's counsel stated that he would not be able to sign off on Plaintiffs' arguments. After review of the Court's Order, Plaintiffs' counsel made certain revisions to the report in an attempt to provide a more thorough, factual explanation of the transactions underlying Plaintiffs' claims and deleted portions of the draft report which Plaintiffs' counsel viewed as more appropriate for a brief as opposed to a joint status report. Defendant's counsel objected to Plaintiffs' revisions, no compromise could be reached, and as a result, the parties have agreed to file separate status reports.

Based upon conversations with Defendant's counsel, Plaintiffs are of the belief that the jurisdictional issues raised by Defendant have been resolved in favor of the Court having jurisdiction.

There are two primary issues raised in the complaint in the above-captioned case. The first is Plaintiffs' claim that they are entitled to refunds in 1987-1989 as a result of the settlement of the Arbitrage Management partnerships, which settlement was the subject of *Manko v. Commissioner*, T.C. Memo. 1997-510 (1997). In December 2000, Defendant and Plaintiffs entered into a Closing Agreement on Final Determination Covering Specific Matters under section 7121 of the Internal Revenue Code resolving the issue of Plaintiffs' distributive share of net trading gain or loss from the Arbitrage Management securities trading transactions. Plaintiffs claim that as a result of the Arbitrage Management settlement additional losses were incurred in 1984 and 1986, which losses could be carried forward to 1987-1989 and result in overpayments in those years, but such 1984 and 1986 adjustments have not been implemented. The parties continue to disagree as to whether the Arbitrage Management settlement was properly and fully applied to Plaintiffs' 1987 through 1989 tax years. It is Plaintiffs' understanding that, in an effort to resolve the issue of the Arbitrage Management settlement, Defendant's counsel has requested that an IRS revenue agent review and audit Plaintiffs' 1984-1989 tax years to ensure that the Arbitrage Management settlement has been fully implemented.

The second issue raised by the complaint is whether Plaintiffs are entitled to a refund based on the decision of the Tax Court in *Manko v. Commissioner*, 126 T.C. 195 (2006). That case resulted from the fact that Plaintiff Bernhard F. Manko was a 99-percent partner in Comco. Defendant

audited the partnership returns for 1987 to 1991 and reached an agreement with Plaintiff on necessary partnership adjustments. The parties entered into a Closing Agreement on Final Determination Covering Specific Matters under section 7121 of the Internal Revenue Code with respect to the partnership adjustments. Defendant then assessed the additional tax attributable to the Comco adjustments without issuing a deficiency notice. The Plaintiffs, via a Collection Due Process Hearing, petitioned the Tax Court for a lien or levy action that resulted in the above-mentioned decision, in which the Tax Court held that the assessments of additional tax for Plaintiffs' 1988 and 1989 tax years were invalid because no notice of deficiency was issued prior to those assessments. Therefore, the IRS could not proceed with collection of the unpaid tax assessed for those years. Plaintiffs' position is that the Tax Court's decision holding the assessments to be invalid, entitles Plaintiffs to a refund of taxes paid with respect to Plaintiffs' 1988 and 1989 tax years. However, defendant's position is that the Tax Court's decision does not entitle plaintiffs to any refund in this case.

Respectfully submitted,

/s/ Irwin S. Meyer
Irwin S. Meyer, Esq.
Attorney for Plaintiff Bernhard F. Manko
Irwin S. Meyer, LLC
One Blue Hill Plaza
10th Floor, P.O. Box 1606
Pearl River, New York 10965
Telephone: (845) 735-9400
Facsimile: (845) 735-8908

Dated: August 24, 2007

/s/ Hugh Janow
Hugh Janow, Esq.
Attorney for Plaintiff Cynthia G. Manko
Law Offices of Hugh Janow, LLC

One Blue Hill Plaza
10th Floor, P.O. Box 1586
Pearl River, New York 10965
Telephone: (845) 735-8385
Facsimile: (845-735-1054

Dated: August 24, 2007