IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-252 T

(Judge Marian Blank Horn)

---

BERNHARD F. AND CYNTHIA G. MANKO,

Plaintiffs

v.

UNITED STATES,

Defendant

---

JOINT PRELIMINARY STATUS REPORT

---

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. At the present time, the parties have not identified any problems with this Court's jurisdiction over the issues in the complaint in the above-captioned case.

B. Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

C. Bifurcation of trial. The parties believe that the trial of this case should not be bifurcated, and that the evidence concerning both liability and damages should be presented at one trial. The parties also believe, however, that the matter of the amount of any "damages" to which plaintiff may be found to be entitled (*i.e.*, the computation of any overpayment) should be

resolved after the "liability" issues (see section (h), *infra*) have been decided, and that the parties' pretrial submissions (and initial post-trial submissions, if any) should therefore not address computational matters. The parties will exchange information related to damages in discovery and work to determine whether the quantum of any damages to which plaintiffs would be entitled can be determined by stipulation. However, after the Court has resolved the liability issues, and if the parties are unable to agree on the computation, then the parties will propose procedures whereby the Court can resolve computational issues on the basis of the evidence previously submitted at trial.

D. Deferral. The parties know of no reason for deferral of proceedings at this time.

E. Remand or suspension. The parties do not believe that remand or suspension is appropriate at this time.

F. Additional parties. The parties are unaware of any additional parties to be joined.

G. Dispositive motions. At the present time, the parties are uncertain as to whether they intend to file any dispositive motions. However, once discovery is completed, the parties will be in a better position to determine whether this case can be disposed of by means of summary judgment.

H. Issues. The issue in a tax refund case is whether the plaintiffs can establish an overpayment of taxes with respect to the taxable periods before the court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States,* 169 Ct. Cl. 276, 340 F. 2d 624 (1965). Plaintiffs contend, and defendant disputes, that this case is controlled by the decisions in *Cohen v. United States*, 995 F.2d 205 (Fed.Cir. 1993) and *Philadelphia & Reading Corp. v. United*

*States*, 944 DF.2d 1063 (3rd Cir. 1991). More specifically the issue involved in this case is the following:

1. Whether the IRS properly applied the terms of the closing agreement entered into between plaintiff, Bernhard F. Manko, and the IRS, regarding the tax treatment of items related to the Closing Agreement executed by Mr. Manko and the IRS as part of the AMC Project settlement, and whether the IRS has already allowed a deduction of all losses related to that partnership in 1984-1988. If not, then the issue is the amount of any additional losses that plaintiffs can deduct in those years. Plaintiffs contend that the execution of the Closing Agreement related to the AMT Project settlement was mandated by *Manko v. Commissioner,* T.C. Memo. 1995-10 (1995) and *Manko v. Commissioner*, T.C. Memo. 1997-510 (1997). Defendant contends that the circumstances surrounding the execution of the Closing Agreement are not relevant to the issues in this case.

2. Whether amounts paid by plaintiffs with respect to the 1988 and 1989 tax assessments relative to the Comco partnership were payments of, or deposits toward, a tax liability. Plaintiffs assert, and defendant denies, that the tax liability was disputed. In connection with this issue, plaintiffs contend, and defendant disputes, that the decision in *Manko v. Commissioner*, 126 T.C. 195 (2006), invalidated the 1988 and 1989 tax assessments relative to the Comco partnership.

3. Whether plaintiffs are entitled to a refund of any amounts paid with respect to their 1988 and 1989 tax years, related to the tax assessed pursuant to the Closing Agreement concerning the Comco partnership, and, whether plaintiffs are entitled to a refund of any overpayments allowed by the IRS in plaintiffs' 1987, and 1990-1992 tax years, which

overpayments were applied by the IRS, pursuant to 26 U.S.C. § 6402, as credits against plaintiffs' 1988 and 1989 tax liability.

4. Whether 26 U.S.C. § 6213(b)(4) is applicable to this case.

I. Settlement. At the present time the parties are unable to determine whether this case can be settled. The parties propose that they will complete any settlement discussions on or before the date set forth for the completion of discovery, and, on or before that date, the parties will submit to the Court a status report concerning the status of possible settlement.

J. Trial. At the present time the parties cannot determine whether a trial will be necessary. The parties propose that on or before the date set forth for the completion of discovery they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. The period for discovery has already been set forth in the Court's Order of September 6, 2007.

Respectfully submitted,

10/15/07
DATE

s/Irwin S. Meyer
IRWIN S. MEYER
One Blue Hill Plaza
10th Floor
P.O. Box 1606

Pearl River, New York 10965-8606
(845) 735-9400

Counsel for plaintiff Bernhard F. Manko

10/15/07 s/Hugh Janow
DATE

HUGH JANOW
One Blue Hill Plaza
10th Floor
P.O. Box 1586
Pearl River, New York 10965
(845) 735-8385

Counsel for plaintiff Cynthia G. Manko

10/15/07 s/Benjamin C. King, Jr.
DATE

BENJAMIN C. KING, JR.
Attorney of Record
Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

10/15/07 s/Mary M. Abate
DATE Of Counsel

Counsel for Defendant